■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL DUNTON, JR., Appellant. [782 NYS2d 145]—

Spain, J.P. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered October 16, 2002, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

Defendant was charged with multiple crimes as a result of his involvement, along with his son and another man, in the robbery of a bank in the Town of East Greenbush, Rensselaer County. He pleaded guilty to robbery in the first degree in full satisfaction of the charges and, under the terms of the plea agreement, was to be sentenced to 15 years in prison. A condition of the plea agreement was that defendant testify at any further trials involving the bank robbery "if need be." Prior to sentencing, however, defendant refused to testify at the trial of his son. At sentencing, County Court indicated that it considered defendant's refusal to be a breach of the plea agreement and, therefore, the court was not bound by its terms with respect to sentencing. County Court then sentenced defendant to 25 years in prison and advised him of his right to appeal. Thereafter, defendant moved to withdraw his plea, which was denied. Defendant now appeals.

The record discloses that when County Court explained the terms of the plea agreement, it failed to specifically advise defendant that his failure to comply with its terms, particularly with respect to his testimony at other trials related to the robbery, would subject him to an enhanced sentence. Under these circumstances, County Court could not impose an enhanced

sentence based upon defendant's failure to testify against his son without first affording him the opportunity to withdraw his plea (*see People v Pham*, 287 AD2d 789, 790 [2001]; *People v Elliot*, 204 AD2d 565 [1994]; *see also People v Covell*, 276 AD2d 824, 825 [2000]). Accordingly, the sentence must be vacated and the matter remitted to County Court to impose the promised sentence or to afford defendant the opportunity to withdraw his plea. In view of our disposition, we need not address defendant's remaining claims.

Carpinello, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.