■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS HASLOW, Appellant. [797 NYS2d 784]—

Kane, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered September 11, 2002, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree.

In satisfaction of a four-count indictment charging two counts each of scheme to defraud in the first degree and grand larceny in the third degree, defendant pleaded guilty to one count of grand larceny in the third degree in exchange for a promised prison sentence of 1 to 3 years. Defendant waived his right to appeal through a written waiver which precluded a challenge to the severity of his sentence. Based on the presentence report, which indicated that defendant defrauded at least 11 victims of significant amounts of money, County Court determined that the promised sentence was inappropriate. The court announced that it was considering a sentence of $2^1/_3$ to 7 years and offered defendant an opportunity to withdraw his plea. After defendant rejected this offer, the court sentenced him to an enhanced sentence of 2 to 6 years and ordered restitution. The court advised defendant that he had a right to appeal, notwithstanding the waiver in the original plea bargain. Defendant accepted that advice and now appeals.

As a threshold matter, while waivers of appeal are generally enforceable (see People v Hidalgo, 91 NY2d 733, 735 [1998]), we note that defendant's challenge to County Court's failure to abide by the original plea bargain is properly before us since defendant's waiver was predicated upon the imposition of the agreed-upon sentence and should not be enforced where certain conditions or terms were never clearly set forth at the plea

proceeding (*see People v Branch-El*, 12 AD3d 785, 786 [2004], *lv denied* 4 NY3d 761 [2005]; *People v Covell*, 276 AD2d 824, 826 [2000]; *but see People v Holmes*, 306 AD2d 889, 889 [2003], *lv denied* 100 NY2d 621 [2003]).

County Court was not bound to fulfill its original promise as to sentencing because, contrary to defendant's assertion, additional facts were borne out by the presentence report which revealed the magnitude of defendant's scheme, other uncharged criminal conduct and that his commission of the charged crimes occurred while he was on probation for committing similar crimes (*see People v Benjamin*, 181 AD2d 1059, 1059 [1992]). "[A] sentencing promise made in conjunction with a plea is conditioned upon 'its being lawful and appropriate in light of the subsequent presentence report or information obtained from other reliable sources' " (*People v Hicks*, 98 NY2d 185, 188 [2002], quoting *People v Selikoff*, 35 NY2d 227, 238 [1974]). The court appropriately afforded defendant the opportunity to withdraw his plea, based on the court's inability to impose sentence in accordance with the negotiated plea (*see People v Dunton*, 10 AD3d 808 [2004], *lv denied* 4 NY3d 830 [2005]), but defendant chose not to take advantage of that opportunity. Considering that defendant defrauded multiple victims and received less than the statutory maximum, we discern no extraordinary circumstances warranting reduction of his sentence (*see People v Douglas*, 2 AD3d 1050, 1051 [2003], *lv denied* 2 NY3d 761 [2004]; *People v Shea*, 254 AD2d 512, 513 [1998]).

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.