■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBIN S. STEVENS, JR., Appellant. [838 NYS2d 701]—

Spain, J. Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered April 27, 2006, (1) convicting defendant upon his plea of guilty of two counts of the crime of endangering the welfare of a child, and (2) which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to two counts of endangering the welfare of a child and admitted to violating the conditions of a previously imposed probation. Pursuant to the plea bargain, defendant was to be sentenced to four months of intermittent incarceration and three years of probation for the endangering the welfare of a child convictions and continuation of probation for the probation violation. At the time of sentencing, however, County Court expressed concern over imposing the negotiated sentence because, after having reviewed the presentence investigation report and the probation violation update memorandum, it believed that defendant had misled the People and the court with respect to his education and employment status. As a result, the court adjourned sentencing for the purpose of obtaining and reviewing the transcript of the plea proceedings. When the parties reconvened for sentencing, County Court afforded defendant the opportunity to withdraw his guilty plea and admission to the violation of probation and, once he declined to do so, the court went forward with sentencing. Concluding that defendant had failed to cooperate with the Probation Department and had misrepresented his education and employment background, the court sentenced him to concurrent one-year periods of incarceration for each of the convictions for endangering the welfare of a child and the probation violation. Defendant now appeals, arguing that the People failed to adhere to its promised sentencing recommendation.

As a threshold matter, we hold that defendant's verbal waiver of his right to appeal does not bar his challenge to the People's alleged failure to abide by the plea bargain. Defendant's appeal waiver was premised on the imposition of the agreed-upon sentence and is unenforceable given that the actual sentence was contrary to said agreement (*see People v Haslow*, 20 AD3d 680, 680-681 [2005], *lv denied* 5 NY3d 828 [2005]).

Turning to the merits, we reject defendant's claim that the People breached their promised sentencing recommendation. To be sure, a prosecutor must typically honor a negotiated promise to make a certain sentence recommendation (*see People v Oakes*, 252 AD2d 661, 663 [1998]). In this case, however, the People were justified in ultimately recommending a sentence different from that contemplated by the plea bargain because, in making

the original sentencing promise, the People had relied upon inaccurate information provided by defendant (*see People v Haslow, supra* at 681; *cf. People v Hoeltzel,* 290 AD2d 587, 588 [2002]).

Furthermore, when accepting defendant's plea, County Court expressly conditioned its agreement to the plea bargain on defendant's full cooperation with his probation officer. It is undisputed that, after pleading guilty and prior to sentencing, defendant continued to deceive his probation officer regarding the status of his studies and his living arrangements and, contrary to the terms of his probation, failed to make scheduled appointments with his chemical dependance counselor. Given that defendant breached the terms of the plea agreement, we find that County Court was not bound to sentence defendant as previously agreed (*see People v Davis,* 30 AD3d 893, 894 [2006], *lv denied* 7 NY3d 847 [2006]; *People v Powers,* 302 AD2d 685, 685 [2003]). Accordingly, acknowledging that the court appropriately offered defendant the opportunity to withdraw his plea and admission (*see People v Martin,* 17 AD3d 775, 776 [2005]), and that defendant declined, instead acquiescing to the court's proposed enhanced sentences (*see People v Galarza,* 237 AD2d 817, 818 [1997], *lv denied* 90 NY2d 905 [1997]), we affirm.

Mercure, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.