THIRD DEPARTMENT, JULY, 2008

(July 3, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA KIRKLAND, Appellant. [862 NYS2d 145]—

674

Peters, J.P. Appeal from a judgment of the County Court of Warren County (Hall, Jr., J.), rendered December 21, 2005, convicting defendant upon his plea of guilty of the crimes of driving while intoxicated (two counts) and aggravated unlicensed operation of a motor vehicle in the first degree.

Pursuant to a plea agreement, defendant waived indictment and pleaded guilty to two consolidated superior court informations charging him with two counts of driving while intoxicated and one count of aggravated unlicensed operation of a motor vehicle in the first degree. He also waived his right to appeal and agreed to a prison sentence of 1 to 3 years. At sentencing, citing defendant's purported failure to cooperate in certain police investigations, County Court imposed an enhanced prison sentence of 2 to 6 years.

Defendant's sole contention on appeal is that County Court improperly enhanced his sentence, as his cooperation with law enforcement officials was never made a part of the plea agreement.* We disagree. The record establishes that defendant executed a written cooperation agreement following his January 2005 arrest for the crimes of driving while intoxicated and aggravated unlicensed operation of a motor vehicle. Pursuant to that agreement, defendant was to, among other things, assist law enforcement officials with certain pending investigations in exchange for a favorable plea bargain and a reduced sentence of probation with continued drug and alcohol treatment. Approximately three months later, however, defendant was arrested and charged, for a second time, with driving while intoxicated and aggravated unlicensed operation of a motor vehicle. At a subsequent plea hearing, the People, in crafting a "global resolution" to defendant's outstanding charges, requested that a brief sidebar be held off the record. The People's case file, a portion of which was made a part of the record, reflects that during the sidebar conference defendant's preexisting cooperation agreement was incorporated into the plea agreement at issue. Thereafter, the People placed the remainder of the plea agreement on the record, without further reference to defendant's required cooperation. Inasmuch as both defendant and defense counsel confirmed the cooperation agreement at sentencing, by acknowledging that it had, in fact, been a part of the negotiated plea, we discern no error in County Court's imposition of an enhanced sentence (see People v Nichol-

* Contrary to the People's assertion, defendant's waiver of his right to appeal does not preclude his current argument (see People v Terrell, 41 AD3d 1044, 1045 [2007]; People v Hastings, 24 AD3d 954, 955 [2005]; People v Haslow, 20 AD3d 680, 680 [2005], lv denied 5 NY3d 828 [2005]).

*son*, 50 AD3d 1397, 1398 [2008]; *People v Stevens*, 41 AD3d 1030, 1031 [2007]; *compare People v Marrero*, 30 AD3d 637, 638 [2006]; *People v Hastings*, 24 AD3d 954, 955-956 [2005]).

Spain, Carpinello, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.