■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARQUITA G. WILSON, Appellant. [892 NYS2d 627]—

Cardona, P.J.

Defendant was charged with assault in the second degree based upon allegations that she cut her boyfriend with a box cutter. In exchange for her plea of guilty to attempted assault in the second degree, County Court (Mathews, J.) agreed to sentence her to six months in jail and five years of probation. Prior to sentencing, defendant located a drug treatment program and, with the People's cooperation, renegotiated her sentence to provide that if she completed the program, the jail time component would be eliminated. While defendant waited for a bed to become available, the court placed her on interim probation. Defendant completed the program, but immediately relapsed. She was then admitted to a long-term treatment program, but again relapsed.

Thereafter, County Court (Smith, J.) determined that an enhanced sentence of 1¹/₃ to 4 years in prison was appropriate. Before sentencing, the court twice offered defendant the opportunity to withdraw her guilty plea and proceed to trial. When defendant declined, the court sentenced her accordingly. Defendant now appeals, her primary contentions being that the court lacked authority to enhance her sentence or, in the alternative, that the enhanced sentence was harsh and excessive.

When deciding that the negotiated sentence was not appropriate, County Court considered, among other things, reports that, during defendant's interim probation, she tested positive for cocaine, failed to complete drug treatment, and missed appointments with her probation officer. Defendant contends that because she was never advised that these acts would constitute violations of the plea agreement, the court was not authorized to impose an enhanced sentence based upon them. We do not agree. Under these circumstances, the court could impose an enhanced sentence if it *either* informed defendant at the time of her plea that it could impose a different sentence if she failed to meet specified conditions *or* permitted her to withdraw her plea (*see People v Armstead*, 52 AD3d 966, 967 [2008]; *People v Kinch*, 15 AD3d 780, 781 [2005]). Here, County Court offered defendant the opportunity to withdraw her plea—which she declined to do—before it imposed the greater sentence. Accordingly, we find no abuse of discretion in the court's decision to enhance the sentence (*cf. People v Gordon*, 53 AD3d 793, 794 [2008]; *People v Armstead*, 52 AD3d at 967-968; *People v Kinch*, 15 AD3d at 781).

Nor do we find the sentence of 1¹/₃ to 4 years to be harsh and excessive given the injury defendant inflicted upon her boyfriend—cutting his throat with a box cutter, an injury that

required 18 stitches to repair—as well as her criminal history, which also includes a conviction for assault in the third degree.

Defendant's remaining contentions, including her argument that she did not receive the effective assistance of counsel, have been examined and found to be without merit.

Lahtinen, Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.