■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES DONNELLY, Appellant. [914 NYS2d 385]—

McCarthy, J. Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered April 28, 2009, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant pleaded guilty to a superior court information charging him with burglary in the third degree and waived his right to appeal. The People agreed, as part of the plea bargain, to recommend a sentence of 1⅓ to 4 years in prison. County Court indicated that it would impose that recommended prison sentence unless the court was "surprised by something" or defendant got "in trouble between now and the sentencing date." The court then asked defendant if "anybody made any other promises" to induce his guilty plea, and he responded that they had not.

At sentencing, the People expressed concern that defendant

did not accept responsibility for his actions during the presentence investigation. The People then recommended a sentence of 1⅓ to 5 years in prison. County Court, finding that defendant did not cooperate with the Probation Department in completing the presentence investigation report, imposed a prison sentence of 1⅓ to 5 years. Defendant appeals.

Initially, although defendant has been released from prison, his appeal is not moot given that he remains on parole (*see People v Hastings*, 24 AD3d 954, 956 n [2005]). Additionally, defendant's waiver of appeal does not preclude his argument concerning County Court's enhancement of his sentence beyond the terms of the plea agreement (*see People v Armstead*, 52 AD3d 966, 967 [2008]). This issue is unpreserved, however, due to defendant's failure to move to withdraw the plea or vacate the judgment of conviction (*see id.*). Despite this failure, we exercise our interest of justice jurisdiction to take corrective action. By recommending a sentence greater than agreed, the People failed to honor their promise under the plea agreement, thereby depriving defendant of part of his bargain (*see Santobello v New York*, 404 US 257, 262 [1971]; *People v Tindle*, 61 NY2d 752, 754 [1984]; *People v Hoeltzel*, 290 AD2d 587, 588 [2002]). This violation of the agreement, alone, entitles defendant to vacatur of his sentence (*see id.*).

Further, while County Court retained the discretion to impose a different sentence than the one recommended by the People, because the court had made statements at the plea colloquy that it intended to impose the recommended sentence, the court was required to offer defendant an opportunity to withdraw his guilty plea before it deviated from those statements and imposed an enhanced sentence (*see People v Schultz*, 73 NY2d 757, 758 [1988]; *People v Brunelle*, 47 AD3d 1067, 1067 [2008], *lv denied* 11 NY3d 786 [2008]). This is especially true where, as here, the court did not advise defendant of express conditions he needed to satisfy to be sentenced in accordance with the plea agreement, such as cooperating with the Probation Department and accepting responsibility during the presentence investigation (*see People v Armstead*, 52 AD3d at 967). Hence, we remit the matter to County Court to impose the agreed-upon sentence or permit defendant to withdraw his plea before imposing the enhanced sentence.

Peters, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; matter remitted to the County Court of Greene County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.