■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUDREY J. LINDSEY, Appellant. [914 NYS2d 782]—

Appeal from a judgment of the County Court of Franklin County (Clute, J.), rendered April 23, 2009, convicting defendant upon her plea of guilty of the crimes of grand larceny in the

third degree and criminal possession of a forged instrument in the second degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging her with grand larceny in the third degree and criminal possession of a forged instrument in the second degree. She pleaded guilty to these charges and waived her right to appeal. Defendant admitted to being a second felony offender. Under the terms of the plea agreement, she was to be sentenced to concurrent terms of imprisonment of at least 2 to 4 years, but less than 3½ to 7 years, and to pay restitution in the amount of $65,000. Thereafter, County Court sentenced defendant as a second felony offender to 3½ to 7 years in prison on each of the charges, to run concurrently, and to pay restitution in the agreed amount, as well as, among other things, a 10% collection surcharge on that amount. Defendant now appeals.

Defendant argues, among other things, that County Court improperly imposed an enhanced sentence without affording her an opportunity to withdraw her plea. Preliminarily, we note that defendant is not precluded by her waiver of appeal from raising this claim (*see People v Davis*, 72 AD3d 1292, 1293 [2010]; *People v McDermott*, 68 AD3d 1453, 1453 [2009]). Although defendant did not properly preserve this claim by moving to withdraw her plea or vacate the judgment of conviction, we will nevertheless exercise our interest of justice jurisdiction (*see* CPL 470.15 [6]; *People v Fisher*, 76 AD3d 1122, 1122 [2010]; *People v Armstead*, 52 AD3d 966, 967 [2008]).

It is well settled that a sentencing court may not impose a sentence other than the one agreed to as part of the plea agreement unless "it informs the defendant, at the time of the plea, of the possibility of an enhanced sentence if he or she fails to meet specific conditions or the defendant is given an opportunity to withdraw his or her plea" (*People v Fisher*, 76 AD3d at 1122; *see People v Wilson*, 69 AD3d 970, 971 [2010]; *People v Armstead*, 52 AD3d at 967). The record reveals that County Court specifically stated that defendant would not be subject to the 3½ to 7-year maximum term of incarceration for the subject crimes under the terms of the plea agreement, and the plea agreement did not contain any conditions which, if violated, would warrant the imposition of such term of imprisonment. Yet, County Court imposed two such terms of imprisonment, albeit concurrently. Thus, the judgment of conviction must be modified and the matter remitted to County Court to impose a lesser sentence or to give defendant an opportunity to withdraw her plea. Defendant's challenge to the imposition of the 10% collection surcharge

is unavailing given the affidavit of the probation director indicating that the cost of collection will exceed the 5% initial surcharge (*see* Penal Law § 60.27 [8]; *People v Boyzuck*, 72 AD3d 1530, 1531 [2010]).

Peters, J.P., Spain, Malone Jr., Garry and Egan Jr., JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; matter remitted to the County Court of Franklin County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.