■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT SMALLS III, Appellant. [926 NYS2d 192]—

Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered June 7, 2010, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.

Defendant was charged in an indictment with grand larceny in the fourth degree. He pleaded guilty to that charge in full satisfaction of the indictment and other pending charges. Under the terms of the plea agreement, defendant was to be sentenced as a second felony offender to 1½ to 3 years in prison. During the plea proceedings, County Court warned defendant that if he was arrested and charged with any other crimes prior to sentencing, he could receive the maximum sentence. Thereafter, at defendant's request, sentencing was adjourned to allow him time to get married and, when defendant did not show up at the next scheduled appearance, County Court issued a warrant for his arrest. When defendant finally appeared in court, County Court informed defendant that it was aware that he had been arrested and charged with criminal impersonation. Apparently as a result of this arrest, the court imposed an enhanced sentence upon defendant of 2 to 4 years in prison. Defendant now appeals.

Defendant asserts that County Court erred in imposing an enhanced sentence without first affording him an opportunity to withdraw his plea because it, among other things, did not make an adequate inquiry into the validity of the postplea arrest. Although defendant failed to preserve this issue by either objecting to the enhanced sentence or moving to withdraw his guilty plea, we exercise our interest of justice jurisdiction to take corrective action as we find that defendant's argument has merit (*see* CPL 470.15 [6] [a]). As the Court of Appeals

instructed in *People v Outley* (80 NY2d 702, 713 [1993], *cert denied sub nom. Maietta v Artuz*, 519 US 964 [1996]), "[w]hen an issue is raised concerning the validity of the postplea charge or there is a denial of any involvement in the underlying crime, the court must conduct an inquiry at which the defendant has an opportunity to show that the arrest is without foundation." Notably, while the nature of the inquiry is within the court's discretion, it "must be of sufficient depth . . . so that the court can be satisfied . . . of the existence of a legitimate basis for the arrest on [the subject] charge" (*id.* at 713). Here, after County Court informed defendant that it was aware of his criminal impersonation arrest, defendant responded, "I didn't give them a false name, I gave them Smalls and somebody told them another name." This was clearly a denial of the charge, but County Court made no further inquiry concerning defendant's postplea arrest at that time or at a later date when defendant was actually sentenced. As we find that County Court failed to ascertain whether there was a legitimate basis for the postplea arrest, the matter must be remitted for a new sentencing hearing (*see People v Jenkins*, 29 AD3d 1177, 1178 [2006]; *People v McClemore*, 276 AD2d 32, 36 [2000]).

Spain, J.P., Rose, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; matter remitted to the County Court of Broome County for resentencing; and, as so modified, affirmed.