■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANIKE SANCHEZ, Appellant. [930 NYS2d 86]—

Mercure, J.P.

Upon defendant's plea of guilty to attempted burglary in the second degree and escape in the second degree, County Court (Schneer, J.) agreed to sentence her to the Willard substance abuse program. However, after reviewing the presentence investigation report, the court (Williams, J.) determined that the Willard program was not appropriate and indicated that it would instead sentence defendant to an aggregate term of four years in prison followed by five years of postrelease supervision. After defendant declined the court's subsequent offers to allow her to withdraw her plea, the court sentenced her accordingly. Defendant now appeals.

Where a court determines that the negotiated sentence is not appropriate, it may impose an enhanced sentence if it first offers the defendant the opportunity to withdraw his or her plea (*see People v Wilson*, 69 AD3d 970, 971 [2010]; *People v Haslow*, 20 AD3d 680, 681 [2005], *lv denied* 5 NY3d 828 [2005]; *see also People v Bonville*, 69 AD3d 1223, 1224 [2010]). Here, defendant, who was fully informed at the sentencing proceeding of the sentence that County Court intended to impose, repeatedly declined the court's offers to withdraw her plea and elected to proceed with sentencing. Accordingly, we find no abuse of discretion in the court's imposition of an enhanced sentence (*see People v Washburn*, 76 AD3d 1120, 1120-1121 [2010], *lv denied* 16 NY3d 864 [2011]; *People v Wilson*, 69 AD3d at 971). Furthermore, given defendant's criminal history and inability

to comply with supervision, we are not persuaded that her substance abuse problems constitute extraordinary circumstances warranting a reduction of her sentence (*see People v Jones*, 9 AD3d 686, 687 [2004]; *People v Kane*, 6 AD3d 986, 987 [2004]; *People v Vansickle*, 301 AD2d 963, 964 [2003]).

Rose, Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.