■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. MATTUCCI, Appellant. [937 NYS2d 727]—

Rose, J.P.

We reject defendant's contention that County Court erred by failing to abide by the terms of the plea agreement. "A trial court retains discretion in fixing an appropriate sentence up until the time of sentencing" (*People v Yanus*, 13 AD3d 804, 805 [2004] [citations omitted]; *see People v Brunelle*, 47 AD3d 1067, 1067 [2008], *lv denied* 11 NY3d 786 [2008]). Moreover, "a sentencing promise made in conjunction with a plea is conditioned upon 'its being lawful and appropriate in light of the subsequent presentence report or information obtained from other reliable sources' " (*People v Hicks*, 98 NY2d 185, 188 [2002], quoting *People v Selikoff*, 35 NY2d 227, 238 [1974], *cert denied* 419 US 1122 [1975]; *accord People v Haslow*, 20 AD3d 680, 681 [2005], *lv denied* 5 NY3d 828 [2005]). Finally, "[w]here a court determines that the negotiated sentence is not appropri-

ate, it may impose an enhanced sentence if it first offers the defendant the opportunity to withdraw his or her plea" (*People v Sanchez*, 87 AD3d 1226, 1226 [2011]; *see People v Haslow*, 20 AD3d at 681).

Here, County Court concluded that the negotiated sentence was inappropriate based upon information in the presentence report, including the circumstances surrounding an unrelated offense upon which defendant was then being held, the victim impact statements, defendant's criminal record and the fact that defendant was uncooperative in the preparation of the report. County Court then properly provided defendant with an opportunity to withdraw his plea, which defendant rejected. Accordingly, we find no abuse of discretion in the imposition of an enhanced sentence (*see People v Wilson*, 69 AD3d 970, 971 [2010]; *People v Rubendall*, 4 AD3d 13, 19-20 [2004]).

Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.