THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS J. ADAMS, SR., Appellant. [941 NYS2d 314]—

Egan Jr., J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered October 27, 2010, convicting defendant upon his plea of guilty of the crimes of driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the third degree and consumption of alcohol in a motor vehicle.

Defendant waived indictment and, in satisfaction of a superior court information, pleaded guilty to driving while intoxicated (hereinafter DWI), aggravated unlicensed operation of a motor vehicle in the third degree and consumption of alcohol in a motor vehicle. The charges stemmed from an incident wherein defendant, a truck driver operating a tractor trailer bound for the City of Plattsburgh, Clinton County, stopped in the City of Glens Falls, Warren County to purchase an 18-pack of beer, which he thereafter partially consumed. When defendant pulled into a Department of Transportation checkpoint on Interstate 87, he was found to be intoxicated and thereafter was charged accordingly.

Pursuant to the underlying plea agreement, defendant, who waived his right to appeal, was to be sentenced to a prison term of 1 to 3 years, together with the mandatory surcharge as to the DWI conviction and a fine and surcharges as to the remaining offenses. At sentencing, however, County Court imposed— insofar as is relevant here—a sentence of $1^{1}/_{3}$ to 4 years in prison, together with a $2,500 fine on the DWI conviction. Defendant now appeals, contending that County Court erred in imposing an enhanced sentence without affording him an opportunity to withdraw his plea.

We agree. Defendant's waiver of the right to appeal does not preclude him from challenging the enhanced sentence imposed (*see People v Lindsey*, 80 AD3d 1005, 1006 [2011]; *People v Donnelly*, 80 AD3d 797, 798 [2011]) and, although defendant did not preserve this issue for our review by moving to withdraw his plea or vacate the judgment of conviction, we deem this to be an

appropriate instance in which to exercise our interest of justice jurisdiction to take corrective action (*see* CPL 470.15 [6]; *People v Fisher*, 76 AD3d 1122, 1122 [2010]). Here, County Court indeed advised defendant that if, after reviewing the presentence investigation report, it could not in good conscience impose the agreed-upon sentence, it would permit defendant to withdraw his plea. However, County Court thereafter imposed the enhanced sentence without affording defendant the opportunity to do so. Accordingly, we vacate defendant's sentence and remit this matter to County Court to impose the agreed-upon sentence or, in the alternative, afford defendant the opportunity to withdraw his plea before imposing the enhanced sentence (*see People v Fisher*, 76 AD3d at 1123; *People v Culcleasure*, 75 AD3d 832, 833 [2010]).

Mercure, A.P.J., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.