Egan Jr., J.
Defendant was indicted and charged with two counts of assault in the second degree following a scuffle with two deputies *991 at the Albany County Correctional Facility, where he was an inmate. In full satisfaction of that indictment, defendant waived his right to appeal and pleaded guilty to one count of attempted assault in the second degree — with the understanding that he would be sentenced to a prison term of IV2 to 3 years. At sentencing, however, County Court imposed a prison term of 2 to 4 years, prompting this appeal.
We affirm. Although defendant’s motion to dismiss the indictment was timely (see CPL 190.50 [5] [c]), any assertion that he was denied the right to appear and testify before the grand jury is both encompassed by his valid waiver of the right to appeal (see People v Watkins, 77 AD3d 1403, 1404 [2010], lv denied 15 NY3d 956 [2010]; People v Winchester, 38 AD3d 1336, 1337 [2007], lv denied 9 NY3d 853 [2007]) and waived by his subsequent guilty plea (see People v Steed, 17 AD3d 928, 929 [2005], lv denied 5 NY3d 770 [2005]; People v Chappelle, 250 AD2d 878, 878-879 [1998], lv denied 92 NY2d 894 [1998]; People v Torra, 191 AD2d 738, 738 [1993], lv denied 81 NY2d 1021 [1993]). Moreover, defendant has not alleged — and we are unable to discern — any special circumstances that would warrant a departure from this general rule (see People v Dennis, 223 AD2d 814, 815 [1996], lv denied 87 NY2d 972 [1996]).
As for defendant’s claim that County Court abused its discretion in imposing an enhanced sentence, although this argument survives defendant’s waiver of appeal (see People v Donnelly, 80 AD3d 797, 798 [2011]), the record does not reflect that defendant moved to withdraw his plea or vacate the judgment of conviction; accordingly, this issue is unpreserved for our review (see id. at 798; People v Armstead, 52 AD3d 966, 967 [2008]). In any event, “[w]here a court determines that the negotiated sentence is not appropriate, it may impose an enhanced sentence if it first offers the defendant the opportunity to withdraw his or her plea” (People v Sanchez, 87 AD3d 1226, 1226 [2011], lv denied 18 NY3d 928 [2012]; accord People v Mattucci, 92 AD3d 1029, 1029-1030 [2012]; see People v Wilson, 69 AD3d 970, 971 [2010]). County Court did precisely that here, and defendant declined the invitation to withdraw his plea. Under these circumstances, we find no abuse of discretion in County Court’s decision to enhance the sentence (see People v Mattucci, 92 AD3d at 1030; People v Wilson, 69 AD3d at 971). Defendant’s remaining contentions, to the extent that they are properly before us, have been examined and found to be lacking in merit.
Mercure, J.E, Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.