Kavanagh, J.
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered November 30, 2010, convicting defendant upon his plea of guilty of the crime of murder in the second degree.
In May 2010, defendant and two codefendants were charged *1190 with various crimes following an attempted robbery that resulted in defendant shooting and killing the victim. Defendant thereafter pleaded guilty to murder in the second degree and waived his right to appeal. Pursuant to the plea agreement, defendant was to be sentenced to a term of imprisonment of 20 years to life. County Court admonished defendant that his sentence could be enhanced if, among other things, he got into trouble in jail. Prior to sentencing, defendant was arraigned on an indictment charging him with promoting prison contraband in the first degree, attempted escape in the first degree (two counts) and obstructing governmental administration. Following an Outley hearing, County Court determined that the People established sufficient grounds to enhance defendant’s sentence and consequently sentenced him to a prison term of 25 years to life. Defendant now appeals.
We affirm. Defendant contends that County Court improperly enhanced his sentence without giving him an opportunity to withdraw his plea. Inasmuch as the record before us indicates that defendant failed to object to the enhanced sentence and did not move to withdraw his plea, his contention is not preserved for our review (see People v Mills, 90 AD3d 1518, 1519 [2011], lv denied 18 NY3d 960 [2012]; People v McEachern, 68 AD3d 1357, 1358 [2009]; People v Webb, 299 AD2d 955, 955 [2002], lv denied 99 NY2d 565 [2002]), and we decline to exercise our interest of justice jurisdiction to take corrective action (cf. People v Adams, 93 AD3d 1082, 1082-1083 [2012]; compare People v Lewis, 98 AD3d 1186 [2012] [decided herewith]). To the extent that defendant argues that County Court erred in finding that he had violated certain conditions of his plea agreement, we conclude that there was a legitimate basis for the new charges and, therefore, it was within County Court’s discretion to impose an enhanced sentence (see People v Valencia, 3 NY3d 714, 715 [2004]; People v Outley, 80 NY2d 702, 713 [1993]; People v Ricketts, 27 AD3d 488, 489 [2006], lv denied 6 NY3d 852 [2006]; People v Coleman, 266 AD2d 227, 227 [1999], lv denied 94 NY2d 946 [2000]; compare People v Smalls, 85 AD3d 1450, 1451 [2011]).
Mercure, J.P, Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.