(March 21, 2013)

■ The People of the State of New York, Respondent, v Joseph Adams, Appellant. [960 NYS2d 663]—

Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered May 10, 2010, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree and criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty before County Court (Schneer, J.) to criminal possession of a weapon in the second degree and criminal sale of a controlled substance in the third degree with the understanding that he would be sentenced to an aggregate prison term of 3½ years followed by three years of postrelease supervision. County Court (Williams, J.) thereafter reviewed defendant's presentence investigation report and declined to impose the agreed-upon sentence. Following several conferences, during which defendant declined to withdraw his plea despite County Court's stated intention to impose an enhanced sentence of eight years in prison for the weapon charge, the court sentenced defendant to an aggregate prison term of 4½ years followed by five years of postrelease supervision. Defendant appeals.

Defendant did not preserve his challenge to the imposition of an enhanced sentence by making a postconviction motion to withdraw his plea or vacate the judgment of conviction. Nonetheless, "[w]here a court determines that the negotiated sentence is not appropriate, it may impose an enhanced sentence if it first offers the defendant the opportunity to withdraw his

or her plea" (*People v Sanchez*, 87 AD3d 1226, 1226 [2011], *lv denied* 18 NY3d 928 [2012]; *see People v Lindsey*, 80 AD3d 1005, 1006 [2011]). We find that the record in this case establishes that County Court fulfilled its obligation to provide defendant the opportunity to withdraw his plea prior to imposing an enhanced sentence and defendant opted not to do so. Accordingly, we find no abuse of discretion in the court's imposition of an enhanced sentence (*see People v Johnson*, 97 AD3d 990, 991 [2012]). Nor are we persuaded that there are any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Sanchez*, 87 AD3d at 1226-1227).

Peters, P.J., Rose, Spain and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.