McCarthy, J.
Ap *1028 peal from, an order of the County Court of Broome County (Cawley, J.), entered November 8, 2010, which denied defendant’s motion for resentencing pursuant to CPL 440.46.
In 2003, defendant was convicted upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree and was thereafter sentenced, as a second felony offender, to a prison term of 4V2 to 9 years. Subsequently, in March 2010, while on parole supervision, defendant violated the terms of his release and was returned to prison. In October 2010, defendant moved for resentencing seeking a reduced determinate sentence under the Drug Law Reform Act of 2009 (see L 2009, ch 56, as codified in CPL 440.46). County Court denied the motion on the basis that defendant was ineligible to apply for resentencing because he was returned to prison on a parole violation. This appeal ensued.
Regardless of the People’s concession that defendant’s status as a reincarcerated parole violator did “not render him ineligible for resentencing as a matter of law” (People v Landy, 95 AD3d 1448, 1448 [2012]; see People v Paulin, 17 NY3d 238, 244 [2011]), our review confirms that defendant reached the maximum expiration date of his sentence in March 2013 and, therefore, the subject appeal must be dismissed as moot (see People v Paulin, 17 NY3d at 242; People v Hernandez, 108 AD3d 640, 641 [2013]).
Lahtinen, J.P, Spain and Egan Jr., JJ, concur. Ordered that the appeal is dismissed, as moot.