Egan Jr., J.
Appeals (1) from a judgment of the County Court of Cortland County (Campbell, J.), rendered April 26, 2012, convicting defendant upon his plea of guilty of the crimes of criminal possession of a forged instrument in the second degree and driving while intoxicated, (2) from a judgment of said court, rendered April 26, 2012, convicting defendant upon his plea of guilty of the crimes of criminal contempt in the first degree and reckless endangerment in the second degree, and (3) from an order of said court, entered June 4, 2012, imposing restitution in the amount of $16,400.92.
In September 2011, defendant waived indictment and pleaded guilty to a superior court information charging him with criminal contempt in the first degree and reckless endangerment in the second degree, arising out of a domestic violence incident involving his wife. The plea agreement provided that defendant would be required to pay restitution and would be sentenced to a term of probation of five years if, among other things, he avoided any further arrests. Defendant subsequently was arrested on charges of criminal possession of a forged instrument in the second degree and driving while intoxicated. In March 2012, defendant waived indictment and pleaded guilty to these charges, with the understanding that if, among other things, he avoided any further arrests, he would be sentenced to an aggregate prison term of IV3 to 4 years. Shortly thereafter, defendant was arrested on a charge of criminal contempt in the second degree, arising out of an alleged violation of an order of protection in favor of his wife. Based upon defendant’s arrests *1001 subsequent to his pleas, County Court determined that it was not bound by the sentencing provisions of the plea agreements. Defendant thereafter was sentenced to concurrent prison terms on each charge, resulting in an aggregate prison term of 2 to 6 years. Following a restitution hearing, defendant was ordered to pay restitution in the amount of $16,400.92. Defendant now appeals.
The sole argument raised by defendant upon appeal is that County Court failed to conduct an adequate inquiry into whether there was a legitimate basis for defendant’s arrest on the charge of criminal contempt in the second degree following entry of his pleas. County Court was not required to undertake a complete evidentiary hearing regarding the basis for defendant’s arrest. Defendant and his counsel were given ample opportunity to address the validity of the new charge, and the court conducted a sufficient inquiry and reasonably concluded that defendant’s arrest constituted a violation of the terms of the plea agreements (see People v Albergotti, 17 NY3d 748, 749 [2011]; People v McDevitt, 97 AD3d 1039, 1041 [2012], lv denied 20 NY3d 987 [2012]).
Lahtinen, J.E, Stein and McCarthy, JJ., concur. Ordered that the judgments and order are affirmed.