*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 13, 2015                    106583
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                      MEMORANDUM AND ORDER

RAMONN S. DRISCOLL,
                        Appellant.
_____

Calendar Date:  June 8, 2015

Before:  Peters, P.J., Rose, Lynch and Clark, JJ.

_____

        Abbie Goldbas, Utica, for appellant.

        Mark D. Suben, District Attorney, Cortland (Zela E.
Brotherton of counsel), for respondent.

_____

        Appeal from a judgment of the County Court of Cortland
County (Campbell, J.), rendered March 27, 2014, convicting
defendant upon his plea of guilty of the crime of criminal
possession of a controlled substance in the third degree.

        In satisfaction of a five-count indictment, defendant
pleaded guilty to criminal possession of a controlled substance
in the third degree.  As part of the plea agreement, he was to
waive his right to appeal and be sentenced to a cap of one year
of incarceration, followed by one year of postrelease
supervision.  In addition, County Court imposed certain
conditions on the sentence advising defendant, among other
things, that if he was arrested prior to sentencing, it would not
be obligated to impose the agreed-upon sentence.  Before
sentencing, defendant was arrested on two separate occasions.
Although defense counsel questioned the validity of these

arrests, County Court imposed an enhanced sentence of three years in prison, to be followed by two years of postrelease supervision, based upon defendant's violation of the sentencing conditions.[1]  Defendant declined to complete his signing of the written waiver of his right to appeal at sentencing and he now appeals.

Defendant's sole challenge is to County Court's imposition of the enhanced sentence based upon his two arrests.  When the validity of a postplea arrest is called into question, "the court must conduct an inquiry at which the defendant has an opportunity to show that the arrest is without foundation" (People v Outley, 80 NY2d 702, 713 [1993], cert denied 519 US 964 [1996]; see People v Fiammegta, 14 NY3d 90, 97 [2010]; People v Smalls, 85 AD3d 1450, 1451 [2011]).  Significantly, "[t]he nature and extent of the inquiry — whether through a summary hearing pursuant to CPL 400.10 or some other fair means — is within the court's discretion [but it] must be of sufficient depth, . . . so that the court can be satisfied . . . of the existence of a legitimate basis for the arrest" (People v Outley, 80 NY2d at 713 [internal citation omitted]).

Here, County Court did not conduct a formal evidentiary hearing regarding the validity of defendant's two arrests, and one was not required (see id. at 713; People v Talbot, 114 AD3d 1000, 1001 [2014]).  Instead, the court made an on-the-record inquiry during the sentencing proceeding at which it considered the accusatory instruments, supporting documentation and arguments of counsel before concluding that a legitimate basis existed for defendant's arrests.  Under the circumstances presented, we conclude that County Court's inquiry was adequate and established that a legitimate basis existed for defendant's arrests thereby warranting its imposition of the enhanced sentence (see People v Talbot, 114 AD3d at 1001; People v Paneto, 112 AD3d 1230, 1231

[2013], lv denied 23 NY3d 1023 [2014]).

---

[1]  County Court denied defendant's oral motion to withdraw his plea at sentencing.

Peters, P.J., Rose, Lynch and Clark, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court