*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 28, 2016                106958
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                   MEMORANDUM AND ORDER

JUSTIN ELMENDORF,
                        Appellant.
_____

Calendar Date:  May 23, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____

        Andrew Kossover, Public Defender, Kingston (Michael K. Gould of counsel), for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

_____

Garry, J.P.

        Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered June 10, 2014, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.

        Defendant waived indictment and pleaded guilty to burglary in the first degree as charged in a superior court information, and also waived his right to appeal.  Under the terms of the plea agreement, he was to be sentenced as a second felony offender to 12 years in prison, to be followed by five years of postrelease supervision.  In the course of the subsequent sentencing proceeding, as County Court was in the process of pronouncing sentence in accord with the terms of the plea agreement, defendant became belligerent and made disrespectful remarks to

the court.  The court responded by threatening defendant with contempt sanctions, and defendant then made threats of violence against the court.  As a result, the court refused to abide by the plea agreement, gave defendant the option of withdrawing his plea or being sentenced without any promise as to the sentence that would be imposed, and granted defense counsel's request for an adjournment.  Upon resumption of the proceedings, the court advised defendant of the maximum potential sentence of 25 years and reiterated defendant's options.  Thereafter, having consulted with counsel, defendant elected to proceed to sentencing.  The court sentenced defendant to 15 years in prison, to be followed by five years of postrelease supervision.  Defendant appeals.

Defendant's sole contention on appeal is that the sentence imposed was harsh and excessive.  Initially, this claim is not foreclosed by defendant's appeal waiver given that the sentence ultimately imposed differed from that which was contemplated at the time the waiver was executed (see People v Stevens, 41 AD3d 1030, 1031 [2007]).  On the merits, we find no abuse of discretion or extraordinary circumstances warranting a modification of the sentence, particularly in light of defendant's criminal history and the evidence that he would commit additional crimes in the future (see People v Girard, 111 AD3d 1153, 1154 [2013], lv denied 23 NY3d 1036 [2014]).

To the extent that defendant's argument may be read to suggest that his sentence was illegal, we disagree.  A sentencing court has the inherent authority to reconsider its intermediate sentencing determination, provided such authority is exercised during the same court proceeding and prior to the commencement of the sentence (see CPL 430.10; People v Chunn, 186 AD2d 262, 262 [1992]; Matter of Cedar, 240 App Div 182, 186 [1934], affd sub nom. Matter of Cedar v Judges of Ct. of Gen. Sessions, 265 NY 620 [1934]; see also People v Rauf, 90 AD3d 422, 422 [2011], lv denied 18 NY3d 927 [2012]; People v Wheeler, 32 AD3d 1107, 1107 [2006]).  At the time of defendant's outburst, the proceedings had not yet terminated nor had the sentence commenced.  It is well established that "[a] sentencing promise made in conjunction with a plea is conditioned upon it[] being lawful and appropriate in light of the subsequent presentence report or information obtained from other reliable sources" (People v Haslow, 20 AD3d

680, 681 [2005] [internal quotation marks and citations omitted], lv denied 5 NY3d 828 [2005]).  Based upon defendant's inability to conduct himself appropriately before County Court, and his stated intention to commit additional serious crimes, it was well within the court's authority to reconsider its initial approval of the proposed sentence.  Notably, the court appropriately offered defendant the opportunity to either withdraw his plea or to be sentenced without the benefit of a sentencing commitment (see People v Wilson, 69 AD3d 970, 971 [2010]; People v Brunelle, 47 AD3d 1067, 1067 [2008], lv denied 11 NY3d 786 [2008]; People v Benjamin, 181 AD2d 1059, 1059 [1992]).

Egan Jr., Lynch, Devine and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court