Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  September 22, 2016                    107323
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                         Respondent,

        v                                    MEMORANDUM AND ORDER

DAVID MAHONEY,
                         Appellant.
_____

Calendar Date:  August 8, 2016

Before:  Peters, P.J., Garry, Egan Jr., Rose and Clark, JJ.

_____

        Marshall Nadan, Kingston, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

_____

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered July 2, 2014, convicting defendant upon
his plea of guilty of the crime of burglary in the third degree
(two counts).

        In satisfaction of an indictment charging seven counts of
burglary in the third degree, defendant pleaded guilty to two of
the counts with the understanding that he would be sentenced to
concurrent prison terms of 2⅓ to 7 years.  Defendant waived his
right to appeal as part of the plea bargain.  After reviewing the
presentence report, County Court informed defendant that it would
not impose the agreed-upon sentence and stated that it would
instead impose consecutive prison terms of 2⅓ to 7 years and 2
to 6 years.  Defendant declined the opportunity to withdraw his
plea, and County Court sentenced him to the consecutive terms.
Defendant now appeals.

Although defendant's challenge to the enhanced sentence "survives [his] waiver of appeal, the record does not reflect that [he] moved to withdraw his plea or vacate the judgment of conviction; accordingly, this issue is unpreserved for our review" (People v Johnson, 97 AD3d 990, 991 [2012] [internal citation omitted]; see People v Adams, 104 AD3d 1020, 1020 [2013]). In any event, "[w]here a court determines that the negotiated sentence is not appropriate, it may impose an enhanced sentence if it first offers the defendant the opportunity to withdraw his or her plea" (People v Sanchez, 87 AD3d 1226, 1226 [2011], lv denied 18 NY3d 928 [2012]; accord People v Mattucci, 92 AD3d 1029, 1029-1030 [2012], lv denied 19 NY3d 964 [2012]). Based upon its review of the presentence report, among other factors, County Court concluded that the negotiated sentence was no longer appropriate, explained such fact to defendant and provided him with an opportunity to withdraw his plea, which he declined to do. As such, were this issue before us, we would find that County Court did not abuse its discretion in imposing an enhanced sentence (see People v Adams, 104 AD3d at 1021; People v Mattucci, 92 AD3d at 1030).

Peters, P.J., Garry, Egan Jr., Rose and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court