Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered August 5, 2015. The judgment convicted defendant, upon his plea of guilty, of robbery in the third degree and endangering the welfare of a child.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the third degree (Penal Law § 160.05) and endangering the welfare of a child (§ 260.10 [1]). We reject defendant’s contention that Supreme Court improperly enhanced his sentence. A court may enhance an agreed-upon sentence after it is established that the defendant violated a condition of the plea agreement (see People v Parker, 271 AD2d 63, 68-69 [4th Dept 2000], lv denied 95 NY2d 967 [2000]). Here, a condition of the plea agreement, set by the court, and agreed to by defendant, was that defendant would be subjected to the possibility of an enhanced sentence if he were to violate an order of protection. Defendant violated an order of protection when he placed approximately 260 telephone calls from jail to his former girlfriend.
 

 Defendant contends that the court should have afforded him the opportunity to withdraw his plea before enhancing his sentence. That contention is without merit. “ ‘It is well settled that a sentencing court may not impose a sentence other than the one agreed to as part of the plea agreement unless it informs the defendant, at the time of the plea, of the possibility of an enhanced sentence if he or she fails to meet specific conditions or the defendant is given an opportunity to withdraw his or her plea’ ” (People v Lewis, 98 AD3d 1186, 1186 [3d Dept 2012]; see People v Lindsey, 80 AD3d 1005, 1006 [3d Dept 2011]). Here, the court had previously informed defendant of the specific conditions that would subject him to the possibility of an enhanced sentence, including the violation of any order of protection.
 

 Finally, we reject defendant’s further contention that the court erred in failing to conduct a hearing on his violation. Prior to the imposition of the enhanced sentence, defendant admitted to placing the telephone calls in violation of the order of protection (see People v Valencia, 3 NY3d 714, 716 [2004]).
 

 Present—Smith, J.P., Centra, Carni, Curran and Troutman, JJ.