People v Driscoll (2019 NY Slip Op 07115)





People v Driscoll


2019 NY Slip Op 07115


Decided on October 03, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 03, 2019

109858

[*1]The People of the State of New York, Respondent,
v
Ramonn S. Driscoll, Appellant.

Calendar Date: September 11, 2019

Before: Egan Jr., J.P., Lynch, Mulvey and Devine, JJ.


Ramonn S. Driscoll, Elmira, appellant pro se.
Patrick A. Perfetti, District Attorney, Cortland (Elizabeth McGrath of counsel), for respondent.



Devine, J.
Appeal, by permission, from an order of the County Court of Cortland County (Campbell, J.), entered November 16, 2017, which denied defendant's motions pursuant to CPL 440.20 to set aside the sentence, without a hearing.
In November 2013, defendant pleaded guilty to one count of criminal possession of a controlled substance in the third degree with the understanding that his sentence would be capped at one year of incarceration followed by one year of postrelease supervision. Defendant was released pending sentencing, and County Court warned defendant that, if he was arrested prior thereto, the court would not be bound by its sentencing commitment. Defendant thereafter was arrested on two occasions in March 2014 and, based upon his violation of the sentencing conditions, County Court imposed an enhanced sentence of three years in prison followed by two years of postrelease supervision. This Court affirmed defendant's conviction, finding that "County Court's inquiry was adequate and established that a legitimate basis existed for defendant's arrests thereby warranting its imposition of the enhanced sentence" (131 AD3d 766, 767 [2015], lv denied 27 NY3d 996 [2016]).
While that appeal was pending, defendant was indicted upon the March 2014 offenses. Following the denial of his motion to suppress certain physical evidence, defendant pleaded guilty to criminal possession of a controlled substance in the third degree, and County Court (Hayden J.) imposed the agreed-upon prison term. Upon appeal, this Court found that County Court improperly denied defendant's suppression motion and reversed, vacating defendant's guilty plea and remitting the matter for further proceedings (People v Driscoll, 145 AD3d 1349, 1349-1350 [2016]). The underlying indictment was then dismissed.
Thereafter, in September 2017, defendant moved pro se pursuant to CPL 440.20 to set aside his sentence and contended, among other things, that there was no legitimate basis for the imposition of the enhanced sentence. Soon after, defense counsel also moved to set aside defendant's sentence, asserting that the dismissal of the indictment based upon the March 2014 offenses constituted newly discovered evidence. County Court (Campbell, J.) denied the respective motions without a hearing, finding that the issues raised in defendant's pro se motion had been addressed and decided by this Court upon defendant's direct appeal and, with respect to defense counsel's motion, that the newly discovered evidence proviso contained in CPL 440.10 (1) (g) did not apply, as "vacatur of a judgment of conviction on this ground is only available where there has been a verdict after a trial" (People v Howe, 150 AD3d 1321, 1323 n 1 [2017] [internal quotation marks, ellipsis, brackets and citation omitted]). Defendant appeals, by permission, from County Court's resulting order.
We affirm. To the extent that defendant again argues that the March 2014 arrests did not provide a legitimate basis upon which to impose the enhanced sentence and that County Court's inquiry with respect thereto was inadequate, these issues were considered and resolved by this Court upon defendant's direct appeal from the judgment of conviction (131 AD3d at 767). Hence, such claims are not properly the subject of a CPL article 440 motion (see CPL 440.20 [2]; People v Lamb, 162 AD3d 1395, 1397 [2018], lv denied 32 NY3d 1112 [2018]). Defendant's remaining arguments seek the imposition of the one-year prison term and one-year period of postrelease supervision initially contemplated by the plea agreement. Defendant, however, was released from prison during the pendency of this appeal and was discharged from his period of postrelease supervision on March 8, 2019. Accordingly, this aspect of defendant's appeal is moot (see e.g. People v Backman, 111 AD3d 1027, 1028 [2013]; People v Swartout, 28 AD3d 876, 877 [2006]; People v Moore, 247 AD2d 228, 229 [1998], lv denied 91 NY2d 943 [1998]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Lynch and Mulvey, JJ., concur.
ORDERED that the order is affirmed.