People v Rahman (2024 NY Slip Op 02732)

People v Rahman

2024 NY Slip Op 02732

Decided on May 16, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 16, 2024

CR-23-0060
[*1]The People of the State of New York, Respondent,
v
Syed Rahman, Appellant.

Calendar Date:March 25, 2024

Before:Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Sussman and Goldman, Goshen (Michael H. Sussman of counsel), for appellant.
Brian P. Conaty, District Attorney, Monticello (Danielle K. Blackaby of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Sullivan County (James R. Farrell, J.), rendered July 18, 2022, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.
Following a motor vehicle accident that resulted in significant injuries to the victim, defendant was charged by indictment with aggravated vehicular assault, two counts of driving while intoxicated, leaving the scene of an incident without reporting and a traffic infraction. In satisfaction thereof, defendant pleaded guilty to driving while intoxicated, a class D felony, with the understanding that he would be sentenced to an indeterminate prison term of 2 to 5 years. Defendant also purportedly waived the right to appeal. On the date originally scheduled for sentencing, it was recognized that the negotiated sentence was illegal (see Penal Law § 70.00 [3] [b]). As a result, County Court and the parties agreed upon a new resolution whereby defendant would be sentenced to 1&frac23; to 5 years in prison. However, after considering a victim impact statement, the court informed the parties that it deemed the proposed sentence inappropriate in light of that statement, as well as defendant's actions following the accident and his four previous alcohol-related driving convictions. County Court thus declined to impose the contemplated sentence, and instead provided defendant the opportunity to withdraw his plea or accept a prison sentence of 2&frac13; to 7 years. The matter was adjourned, and defendant obtained new counsel who submitted a presentence memorandum requesting that County Court impose the 1&frac23; to 5 year prison sentence upon which the parties had agreed. At the rescheduled sentencing proceeding, County Court denied this request and, upon defendant declining the opportunity to withdraw his plea, sentenced him to 2&frac13; to 7 years in prison. Defendant appeals.
Defendant's sole contention is that County Court erred in not imposing the negotiated prison sentence of 1&frac23; to 5 years. Initially, we find that defendant's argument is not foreclosed by his unchallenged appeal waiver, as the waiver is unenforceable as to this issue since the imposed sentence differed from the sentence upon which the waiver was premised (see People v Stevens, 41 AD3d 1030, 1031 [3d Dept 2007]; People v Haslow, 20 AD3d 680, 680-681 [3d Dept 2005], lv denied 5 NY3d 828 [2005]; see also People v Elmendorf, 141 AD3d 1035, 1035-1036 [3d Dept 2016]).
Turning to the merits, we find unavailing defendant's assertion that he had a right to specific performance of the plea agreement because, at the time of sentencing, County Court had not been presented with any new information upon which it could reasonably base a decision to depart from the bargained-for sentence. To begin with, contrary to defendant's claim, there indeed was new information before the court in the form of the victim impact statement, which the court was required to consider before imposing sentence (see CPL 390.20 [1]; 390.30 [3] [b]), and [*2]which provided a sufficient basis to allow the court, in its discretion, to depart from the sentencing promise (see Matter of Hussain v Lynch, 215 AD3d 121, 131 [3d Dept 2023]; People v Jones, 287 AD2d 741, 742 [2d Dept 2001], lv denied 97 NY2d 706 [2002]). In any event, we note that, even in the absence of new information provided to the court, "[a] defendant is not entitled to specific performance of a plea bargain unless he or she has been placed in a no-return position in reliance on the plea agreement" (Matter of Hussain v Lynch, 215 AD3d at 128 [internal quotation marks, brackets and citations omitted]). Inasmuch as defendant acknowledges that he did not detrimentally rely upon the plea bargain, he was entitled to no more than the withdrawal of his plea (see id.; People v Mattucci, 92 AD3d 1029, 1030 [3d Dept 2012], lv denied 19 NY3d 964 [2012]), an option that he declined to exercise.
Egan Jr., J.P., Lynch, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the judgment is affirmed.