■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMMIE HASTINGS, Appellant. [805 NYS2d 702]—

Cardona, P.J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered July 1, 2002, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Defendant waived indictment and agreed to be prosecuted by a superior court information charging her with criminal possession of a controlled substance in the third degree after she was found with 36 small plastic bags containing crack cocaine. She pleaded guilty to that charge in exchange for a sentence of six months in jail and five years of probation. Defendant also agreed to waive her right to appeal and was administered *Parker* warnings advising her that the agreed-upon sentence would not be honored if she committed another crime prior to sentencing. When it was discovered that the agreed-upon sentence could only be imposed with respect to the crime of criminal possession of a controlled substance in the fifth degree, defendant pleaded guilty to that charge.

Thereafter, defendant testified at the trial of her boyfriend against whom various drug charges were pending and indicated that it was her, rather than him, who sold drugs to the undercover police officer on the date in question. As a result of her testimony, the District Attorney requested that defendant's sentence be enhanced to 2 to 6 years in prison. Upon finding that the plea agreement had not been fulfilled, County Court granted the request and sentenced defendant to 2 to 6 years in prison.

Defendant asserts that County Court improperly enhanced her sentence based upon her failure to cooperate in the prosecution of her boyfriend, a condition not specified in the plea agreement. Initially, we note that while waivers of appeal are generally enforceable, defendant's waiver does not preclude her challenge here inasmuch as it "was predicated upon the imposition of the agreed-upon sentence and should not be enforced where certain conditions or terms were never clearly set forth at the plea proceeding" (*People v Haslow*, 20 AD3d 680, 680-681 [2005], *lv denied* 5 NY3d 828 [2005]; *see People v Branch-El*, 12 AD3d 785, 786 [2004], *lv denied* 4 NY3d 761 [2005]). Furthermore, although defendant did not properly preserve her claim by moving to withdraw the plea or vacate the judgment of conviction (*see People v Haynes*, 14 AD3d 789, 790 [2005], *lv denied* 4 NY3d 831 [2005]; *People v Baxter*, 302 AD2d 950, 951 [2003], *lv denied* 99 NY2d 652 [2003]), we, nevertheless, exercise our interest of justice jurisdiction given the particular circumstances herein (*see* CPL 470.15 [6]). Nowhere in this record does it indicate that defendant's cooperation in the prosecution of her boyfriend was a condition of the plea agreement. Although *Parker* warnings were administered, they did not include any requirement by defendant with respect to the proceedings against her boyfriend. Consequently, there is no basis for the

finding that defendant breached a term of the plea agreement resulting in the imposition of an enhanced sentence (*see People v Caldwell*, 308 AD2d 658, 659 [2003]; *People v Covell*, 276 AD2d 824, 826 [2000]). Defendant is entitled to be sentenced in accordance with the terms of the plea agreement.*

Mercure, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; matter remitted to the County Court of Clinton County for resentencing in accordance with this Court's decision; and, as so modified, affirmed.

* We note that, although defendant has been released from prison, she is nonetheless on parole and her appeal is therefore not moot (*see People v Stewart*, 185 AD2d 381, 382 [1992], *lv denied* 80 NY2d 977 [1992]; *see also People v Rowell*, 5 AD3d 1073 [2004], *lv denied* 2 NY3d 806 [2004]; *compare People v Wemette*, 285 AD2d 729, 731-732 [2001], *lv denied* 97 NY2d 689 [2001]).