■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN ARMSTEAD, Appellant. [859 NYS2d 506]—

Rose, J. Appeal from a judgment of the County Court of Sul-

livan County (LaBuda, J.), rendered April 13, 2007, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant was indicted for burglary in the second degree, criminal mischief in the third degree and criminal possession of a controlled substance in the seventh degree. Thereafter, he pleaded guilty to burglary in the second degree, in full satisfaction of the indictment, and waived his right to appeal. As part of the plea agreement, defendant was to be sentenced as a second felony offender to a prison term of seven years, to be followed by five years of postrelease supervision. At sentencing, County Court found that defendant had violated the plea agreement and sentenced him to a term of imprisonment of 15 years. Following an outburst by defendant, the court also found him in judicial contempt and sentenced him to an additional 15 days in prison. Defendant now appeals.

Defendant contends that County Court erred in enhancing his sentence due to his failure to accept responsibility for his actions at sentencing and before the Probation Department, a condition not specified in the plea agreement. Initially, we note that this contention is not foreclosed by defendant's waiver of his right to appeal (*see People v Terrell*, 41 AD3d 1044, 1045 [2007]; *People v Hastings*, 24 AD3d 954, 955 [2005]; *People v Haslow*, 20 AD3d 680, 680-681 [2005], *lv denied* 5 NY3d 828 [2005]). Furthermore, although defendant did not preserve this issue by moving to withdraw his plea or vacate the judgment of conviction (*see People v Hastings*, 24 AD3d at 955), given the circumstances, we will exercise our interest of justice jurisdiction (*see* CPL 470.15 [6]). Clearly, County Court may not "impose any sentence on defendant other than the one established during the plea agreement unless it either informed him [or her] at the time of his [or her] plea that it could impose a different sentence if he [or she] failed to meet specified conditions or it permitted him [or her] to withdraw his [or her] plea" (*People v Kinch*, 15 AD3d 780, 781 [2005]; *accord People v Emerson*, 42 AD3d 751, 752-753 [2007]).

Here, a review of the record demonstrates that County Court failed to advise defendant of any express conditions he needed to satisfy in order to be sentenced pursuant to the plea agreement, including accepting responsibility at sentencing and in the presentence report, nor was he given an opportunity to withdraw his plea once he was informed of the sentence enhancement. Moreover, there is no evidence in the presentence report or any other information in the record to indicate that the originally agreed-upon seven-year sentence was inappropri-

ate or unlawful (*cf. People v Haslow*, 20 AD3d at 681). Under these circumstances, defendant could not be subjected to an enhanced sentence without being given an opportunity to withdraw his plea. Therefore, we modify the judgment of conviction and remit the matter for County Court to impose the agreed-upon sentence or allow defendant to withdraw his plea.

We find defendant's remaining arguments either academic or beyond the scope of the notice of appeal, and we therefore do not address them.

Cardona, P.J., Peters, Carpinello and Malone Jr., JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.