■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN K. McDERMOTT, Appellant. [891 NYS2d 515]—

In connection with a plea agreement, defendant signed a 12-page document in which, among other things, he agreed to plead guilty to criminal possession of marihuana in the second degree as set forth in one count of a superior court information, and purportedly waived the right to appeal. One paragraph of the document stated that if defendant was arrested before sentencing, County Court would not be bound by the sentencing agreement and could sentence him up to the maximum permissible sentence. Prior to sentencing, defendant was arrested for possessing drugs and ultimately pleaded guilty in another court to a related charge. Based on that arrest, the court did not impose the one-year sentence included in the plea agreement for the present charge, but instead imposed an enhanced sentence of 2¹/₂ years in prison, followed by one year of postrelease supervision. Defendant appeals.

Defendant asserts that County Court improperly enhanced his sentence in violation of the plea agreement. Under the circumstances here, defendant's challenge is not precluded by his waiver of appeal (*see People v Hastings*, 24 AD3d 954, 955 [2005]). Further, although defendant did not properly preserve this issue, we choose to exercise our interest of justice jurisdiction to take corrective action (*see id.*). A court may enhance an agreed-upon sentence after it is established that the defendant violated a condition of the plea agreement (*see People v Bove*, 64 AD3d 812, 812-813 [2009]; *People v Davis*, 30 AD3d 893, 894 [2006], *lv denied* 7 NY3d 847 [2006]). Under *People v Parker* (57 NY2d 136 [1982]), for a defendant to waive the right to be sentenced in accordance with the plea agreement, the court must inform the defendant in some manner of the right that is at issue and the consequences of failing to abide by the conditions set by the court (*id.* at 141). The People contend that the one paragraph of the 12-page document constituted a sufficient *Parker* admonishment concerning the no-arrest condition. We disagree.

During the plea colloquy here, County Court never mentioned *Parker* warnings or the one paragraph in the document that imposed the no-arrest condition. In fact, the court did not discuss anything specific about the document whatsoever. The court merely asked defendant whether the document contained his signature and initials, if he had reviewed it with counsel, and if he had any questions and was willing to plead guilty in exchange for a sentencing promise.[1] This colloquy was simply not sufficient to insure that defendant was fully aware of the adverse consequences that might flow from his being arrested prior to the imposition of sentence. This flaw in defendant's plea allocution was not remedied by the court's incorporation by reference of the 12-page affidavit that contained a single paragraph describing the circumstances that could lead to the imposition of an enhanced sentence (*cf. People v Kinch*, 15 AD3d 780, 781 [2005]; *compare People v Bunce*, 45 AD3d 982, 984 [2007], *lv denied* 10 NY3d 809 [2008]).[2] While written statements or affidavits may serve as a helpful supplement to a colloquy with the court concerning a plea or the waiver of certain rights, these writings cannot be substituted for on-the-record discussions between the defendant and the court. Due to the inadequacy of the *Parker* warnings here, we remit for County Court to either impose the agreed-upon sentence or permit defendant an opportunity to withdraw his plea before imposing an enhanced sentence (*see People v Armstead*, 52 AD3d 966, 968 [2008]).

We take this opportunity to condemn the practice of "plea by check off list." A court's constitutional responsibility to review the terms and conditions of the plea agreement, the defendant's rights and those rights that the defendant is giving up and the concomitant responsibility to ascertain that the defendant understands them and is knowingly, intelligently and voluntarily waiving them must appear "on the face of the record" (*People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Callahan*, 80 NY2d 273, 280 [1992]; *People v Seaberg*, 74 NY2d 1, 11 [1989]; *People v Selikoff*, 35 NY2d 227, 244 [1974]). These weighty matters should not be merely relegated to a lengthy written docu-

---

**1.** Although defendant does not challenge the plea itself, given the utter lack of substance during the colloquy, it was insufficient to adequately constitute a knowing, intelligent and voluntary plea or waiver of appeal.

**2.** We note that defendant initialed conflicting paragraphs indicating both that he could and could not read the English language. He further initialed a paragraph waiving any right to contest "the above-stated predicate conviction[s]" notwithstanding his lack of any prior felony conviction and an X through the previous paragraph discussing predicate convictions. County Court did not address these blatant inconsistencies during the colloquy.

ment, but must be developed in an appropriate manner on the record.

Mercure, J.P., Spain, Kane, Kavanagh and Garry, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; matter remitted to the County Court of Greene County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.