Appeal from a judgment of the County Court of Franklin County (Clute, J.), rendered November 19, 2009, convicting defendant upon his plea of guilty of the crime of criminal mischief in the third degree.
Defendant pleaded guilty to criminal mischief in the third degree in exchange for a recommended sentence of five years of probation or one year in county jail. At sentencing, County Court, upon discovering that defendant had been arrested for assault in the second degree while in jail, sentenced defendant to a prison term of IV3 to 4 years. Defendant now appeals.
We agree with defendant that County Court erred in enhancing his sentence. Although this issue is unpreserved by defendant’s failure to move to withdraw his plea or vacate the judgment of conviction, given the circumstances, we will exercise our interest of justice jurisdiction (see CPL 470.15 [6]; People v Armstead, 52 AD3d 966, 967-968 [2008]). The sentencing court may not impose a sentence other than the one established during the plea agreement unless it informs the defendant, at the time of the plea, of the possibility of an enhanced sentence if he or she fails to meet specific conditions or the defendant is given an opportunity to withdraw his or her plea (see People v Mc-Dermott, 68 AD3d 1453, 1453 [2009]; People v Armstead, 52 AD3d at 967-968). Here, at the time of the plea, County Court simply indicated to defendant that in exchange for his guilty plea, the court would decide “whether it’s five years probation *1123 or one year jail.” At sentencing, the court issued the longer sentence in prison without giving defendant the opportunity to withdraw his plea. Under the circumstances, we vacate defendant’s sentence and remit the matter to County Court to impose the agreed-upon sentence or, in the alternative, give defendant the option to withdraw his plea before imposing the enhanced sentence (see People v Galietta, 75 AD3d 753, 754 [2010]; People v McDermott, 68 AD3d at 1454).
Cardona, P.J., Spain, Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; matter remitted to the County Court of Franklin County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.