Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 10, 2011 in Albany County, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.
In satisfaction of a three-count indictment, defendant pleaded guilty to burglary in the third degree and waived his right to appeal. Under the terms of the plea agreement, he was to be sentenced as a second felony offender to 2V2 to 5 years in prison. In addition, defendant was given a Parker admonishment advising him that if he committed a crime prior to sentencing, the court was not bound by the sentencing commitment and could sentence him to up to 3V2 to 7 years in prison. Between the date of the plea agreement and sentencing, defendant missed an appointment at the Probation Department causing a delay in the preparation of the presentence investigation report. As a result, he was given an enhanced sentence of 3 to 6 years in prison. Defendant appeals.
Defendant asserts that Supreme Court erroneously enhanced his sentence because he missed an appointment at the Probation Department during which he was to provide information to be included in his presentence investigation report. Defendant’s waiver of his right to appeal does not preclude him from raising this claim (see People v Armstead, 52 AD3d 966, 967 [2008]; People v Terrell, 41 AD3d 1044, 1045 [2007]). He has, however, failed to preserve it given that he did not object to the impropriety of the enhanced sentence and the record does not indicate that he moved to withdraw his guilty plea or vacate the judgment of conviction (see People v Smalls, 85 AD3d 1450, *1153 1450 [2011]; People v Armstead, 52 AD3d at 967). Nevertheless, inasmuch as the record discloses that defendant’s contention has merit, we shall exercise our interest of justice jurisdiction and modify the judgment accordingly (see CPL 470.15 [6]; People v Gabbidon, 96 AD3d 1235, 1236 [2012]; People v Armstead, 52 AD3d at 967).
The minutes of the plea proceedings do not reveal that defendant’s cooperation with the Probation Department was an express condition of the plea agreement, the breach of which would result in the imposition of an enhanced sentence. The oral Parker admonishment also did not make such a reference. Given that defendant did not violate an express condition of the plea agreement, an enhanced sentence should not have been imposed without first affording him an opportunity to withdraw his plea. Consequently, the matter must be remitted to Supreme Court to either impose the agreed-upon sentence or allow defendant to withdraw his plea (see People v Gabbidon, 96 AD3d at 1236; People v Armstead, 52 AD3d at 968).
Peters, PJ., Her cure, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.