■ The People of the State of New York, Respondent, v Karen M. Caza, Appellant. [982 NYS2d 207]—

Lahtinen, J.P. Appeals from two judgments of the County Court of Essex County (Meyer, J.), rendered April 26, 2012, convicting defendant upon her plea of guilty of the crime of attempted forgery in the second degree (two counts).

Defendant was charged in two indictments with various crimes. She pleaded guilty to two counts of attempted forgery in the second degree—one count for each indictment—and waived her right to appeal. County Court thereafter sentenced her to a prison term of 1 to 3 years on each count, the terms to be served consecutively, and recommended that she be placed in the shock incarceration program.

Defendant's sole contention upon this appeal is that County Court improperly enhanced her sentence by departing from its conditional promise to make the two terms of imprisonment run concurrently. As she concedes, this argument is unpreserved for our review due to her failure to move to withdraw her plea, seek vacatur of the judgments of conviction, or otherwise object at sentencing (*see People v DePalma*, 99 AD3d 1116, 1117 [2012], *lv denied* 20 NY3d 1010 [2013]; *People v Lewis*, 98 AD3d 1186, 1186 [2012]). Her argument is, in any event, without merit. County Court specifically advised defendant that it would not be bound by its conditional sentencing commitment should she fail to cooperate in the preparation of the presentence investiga-

tion report and that, under those circumstances, she would not be entitled to withdraw her guilty plea. Defendant thereafter repeatedly attempted to avoid being interviewed by the Probation Department and, during the interview itself, gave evasive and contradictory responses to questions. Inasmuch as defendant was "fully informed during the plea colloquy of the conditions of the plea agreement and the consequences for noncompliance," and the record demonstrates that she violated one of those conditions, we decline to exercise our interest of justice jurisdiction and take corrective action (*People v Coffey*, 77 AD3d 1202, 1204 [2010], *lv denied* 18 NY3d 882 [2012]; *see People v Hicks*, 98 NY2d 185, 188-189 [2002]; *People v Godfrey*, 33 AD3d 623, 624 [2006], *lv denied* 8 NY3d 846 [2007]; *cf. People v Becker*, 80 AD3d 795, 796-797 [2011]).

Rose and Egan Jr., JJ., concur.

McCarthy, J. (dissenting). When defendant pleaded guilty to two counts of attempted forgery in the second degree, County Court made a conditional promise to run the terms of imprisonment concurrently. At sentencing, however, the court incorrectly stated that it had made no commitments regarding sentencing. Rather than correct the court's misconception, the People and defense counsel agreed with the court's erroneous statement that no commitment had been made. On appeal, defendant's sole argument is that the court erred by departing from its conditional promise. While that argument is unpreserved, we should exercise our interest of justice jurisdiction and take corrective action by vacating the sentences and remitting for further proceedings, because defendant's argument has merit and is unpreserved due to counsel's failure to properly advocate for defendant at sentencing (*see People v Lewis*, 98 AD3d 1186, 1186 [2012]; *People v Gabbidon*, 96 AD3d 1235, 1236 [2012]).

For a court to enhance a sentence or deviate from a conditional promise, the defendant must violate "an explicit and objective plea condition" (*People v Becker*, 80 AD3d 795, 796 [2011]). Here, County Court conditioned its promise of concurrent sentencing on defendant complying with certain terms. The only condition at issue here is that she "cooperate with Probation in the preparation of that presentence report." The majority states that defendant "repeatedly attempted to avoid being interviewed by the Probation Department." This statement is presumably based on the presentence investigation report (hereinafter PSI), which states that the writer made multiple attempts to communicate with defendant before making telephone contact, and that defendant made five attempts to evade an interview. No further details are given regarding the PSI

writer's difficulty in contacting defendant. It could be that the writer had an incorrect phone number or she called but defendant had no answering machine. Without further information, the difficulty in reaching defendant cannot be deemed intentional or attributed to her. As for the alleged five attempts at evasion (all occurring during a single phone call), the writer notes that defendant indicated that she was required to complete mental health and substance abuse evaluations, and she had already scheduled evaluations during three of the times offered for the interview with the Probation Department. For two other offered appointment times, defendant referred to her difficulties with transportation. The PSI does not contain any evidence that these proffered excuses were fabricated. Indeed, it would be responsible of defendant to turn down potential interview times when she was already booked for court-ordered evaluations or when she would be unable to obtain transportation. According to the PSI, defendant appeared at the interview once it was scheduled (*compare People v Stanley*, 100 AD3d 1152, 1152-1153 [2012]). With the limited information before us, we cannot find that the difficulty in arranging an interview time constitutes a lack of cooperation in completing the PSI.

During the interview, the PSI writer deemed defendant's answers vague, evasive and contradictory. County Court's condition, however, was that defendant "cooperate," which is a subjective term. The condition was not that defendant give information that was consistent with other sources, or even that she provide "truthful" answers (*see People v Gabbidon*, 96 AD3d at 1236; *People v Becker*, 80 AD3d at 796-797; *compare People v Hicks*, 98 NY2d 185, 187-189 [2002]; *People v Coffey*, 77 AD3d 1202, 1204 [2010], *lv denied* 18 NY3d 882 [2012]). As the condition that defendant allegedly violated was not explicit and objective in this context, and defendant did not concede that she violated any condition, the court erred in deviating from its conditional promise (*see People v Gabbidon*, 96 AD3d at 1236; *compare People v Hicks*, 98 NY2d at 189). Absent a proven violation, the court was required to either adhere to its promise to impose the sentences concurrently or, if the court felt that it could not abide by its promise due to information in the PSI, provide defendant with an opportunity to withdraw her plea before imposing an enhanced sentence (*see People v Lewis*, 98 AD3d at 1187; *People v Gabbidon*, 96 AD3d at 1236; *People v Becker*, 80 AD3d at 797). Under the circumstances, we should modify the judgments in the interest of justice by vacating the sentences and remitting for further proceedings.

Garry, J., concurs. Ordered that the judgments are affirmed.