■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BUCKNOR, Also Known as DEWAN, Appellant. [983 NYS2d 743]—

Stein, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered October 6, 2011, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the second degree.

As the result of an investigation into narcotics trafficking by the Attorney General's Organized Crime Task Force, defendant and 36 codefendants were named in a 278-count sealed indictment which, among other things, charged defendant with conspiracy in the second degree and 24 drug felonies. In satisfaction of that indictment, defendant pleaded guilty to one count of criminal sale of a controlled substance in the second degree and waived the right to appeal his conviction and sentence. Pursuant to the terms of the plea agreement, defendant, a second felony offender, was offered a sentence of no more than 10 years in prison, upon the condition that, among other things, he "cooperat[e]" with the prosecution. Prior to sentencing, the People informed County Court that defendant had violated the plea agreement by refusing to speak with the prosecution. Consequently, the court imposed an enhanced sentence of 14 years in prison and five years of postrelease supervision. Defendant now appeals and we affirm.

Initially, defendant challenges County Court's imposition of

an enhanced sentence, claiming that the nature of defendant's obligation to cooperate was not sufficiently clarified. Although such argument survives his appeal waiver, inasmuch as defendant did not object to the enhanced sentence on that basis and the record does not indicate that he made an appropriate postallocution motion, this claim is not preserved for our review (*see People v Stanley*, 100 AD3d 1152, 1152-1153 [2012]; *People v Gabbidon*, 96 AD3d 1235, 1236 [2012]). In any event, while the cooperation component of the plea agreement was not described in detail, it clearly obligated defendant to, at the very least, speak to the prosecution, which he flatly refused to do. Inasmuch as defendant violated any reasonable interpretation of the cooperation agreement, we decline to take corrective action in the interest of justice (*see People v Fleming*, 50 AD3d 1390, 1391 [2008]; *People v James*, 251 AD2d 813, 815 [1998]; *compare People v Stanley*, 100 AD3d at 1153).

Defendant's related claim that his trial counsel's failure to properly advise him of the full implications of the cooperation agreement deprived him of the effective assistance of counsel—which also survives the appeal waiver because it implicates the voluntariness of his plea—is likewise unpreserved (*see People v Lohnes*, 112 AD3d 1148, 1150 [2013]; *People v Morey*, 110 AD3d 1378, 1379-1380 [2013]; *People v Youngblood*, 107 AD3d 1159, 1160 [2013], *lv denied* 21 NY3d 1078 [2013]) and does not merit the exercise of our interest of justice jurisdiction. Moreover, to the extent that it is properly before us, we are unpersuaded by defendant's argument that his counsel was ineffective by failing to request a hearing on the issue of his compliance with the cooperation agreement.

Finally, we reject defendant's assertion that the enhanced sentence is harsh and excessive.* Given defendant's failure to comply with the plea agreement, coupled with his lengthy criminal record, we find neither an abuse of discretion nor extraordinary circumstances justifying a reduction of the sentence in the interest of justice (*see People v Paneto*, 112 AD3d 1230, 1231 [2013]; *People v Jordan*, 111 AD3d 970, 971 [2013], *lv denied* 22 NY3d 1088 [2014]).

Lahtinen, J.P., Garry and Rose, JJ., concur. Ordered that the judgment is affirmed.

---

* Inasmuch as defendant was not advised of the maximum potential sentence, defendant's appeal waiver does not foreclose this claim (*see People v Edie*, 100 AD3d 1262, 1262 [2012]; *compare People v Thomas*, 81 AD3d 997, 998 [2011], *lv denied* 16 NY3d 900 [2011]).