Devine, J.
Appeals (1) from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered January 8, 2013, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree, and (2) from a judgment of said court, rendered January 8, 2013, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
Defendant was originally charged in an indictment with promoting prison contraband in the first degree. Although County Court dismissed the indictment on the basis that defendant had not received proper grand jury notice, this Court reversed that order and ordered that the indictment be reinstated (94 AD3d 1334, 1334-1335 [2012], lv denied 19 NY3d 968 [2012]). Following reinstatement of the indictment, but prior to its resolution, police officers responding to a domestic dispute at defendant’s apartment found over 500 milligrams of cocaine. Defendant ultimately waived indictment and agreed to be prosecuted on a charge of criminal possession of a controlled substance in the fifth degree by superior court information.
Defendant then pleaded guilty to attempted promoting prison contraband in the first degree and criminal possession of a controlled substance in the fifth degree in satisfaction of the indictment and superior court information and waived his right to appeal both convictions. Pursuant to the plea agreement, defendant was to be sentenced to concurrent prison terms of IV2 to 3 years for the prison contraband charge and IV2 years for the controlled substance charge, to be followed by two years of postrelease supervision. He was released prior to sentencing and, while on release, he was arrested in Orange County. County Court thereafter found defendant in violation of a condition of his release and sentenced him, as a second felony offender, to an enhanced prison term of 2 to 4 years on the prison contraband conviction and four years in prison on the criminal possession of a controlled substance conviction, to be followed by two years of postrelease supervision, with the sentences to run consecutively. Defendant now appeals.
Initially, although County Court should have more thoroughly distinguished the right to appeal from the rights forfeited upon *983 pleading guilty, the detailed written waivers of the right to appeal executed by defendant and his counsel acknowledged defendant’s separate and distinct right to appeal, confirmed that he had discussed the waivers and their consequences with counsel and affirmed that he was voluntarily waiving the right. County Court confirmed that defendant understood the waivers and that he did not need any further time to discuss them with counsel. Under these circumstances, the record reflects that defendant’s waiver of the right to appeal his convictions and sentences was knowing, intelligent and voluntary (see People v Henion, 110 AD3d 1349, 1350 [2013], lv denied 22 NY3d 1088 [2014]; People v McCaskill, 76 AD3d 751, 752 [2010]; People v Glynn, 73 AD3d 1290, 1290-1291 [2010]). In light of his valid appeal waiver, defendant’s challenge to County Court’s suppression ruling is precluded (see People v Morrison, 106 AD3d 1201, 1202 [2013]; People v Stone, 105 AD3d 1094, 1094 [2013]).
Defendant’s contention that his guilty plea to attempted promoting prison contraband in the first degree was not knowing, intelligent and voluntary — which survives his appeal waiver — is nonetheless unpreserved as the record does not reveal that he made an appropriate postallocution motion (see People v Smith, 112 AD3d 1232, 1232 [2013], lv denied 22 NY3d 1203 [2014]; People v Hare, 110 AD3d 1117, 1117 [2013]). Further, while we agree that defendant’s statements prior to the plea colloquy that the cell phone in question was not “dangerous contraband” reveal some equivocation as to an essential element of the crime to which he later pleaded guilty (see Penal Law § 205.25 [2]; People v Pagan, 36 AD3d 1163, 1164-1165 [2007]), we are satisfied that, during the ensuing discussion with County Court, defendant was properly informed and understood that, if he went to trial, it would be up to the jury to determine whether or not the cell phone was dangerous contraband (see People v Green, 119 AD3d 23, 26-27 [2014]). Defendant did not raise the issue thereafter, including during the plea colloquy itself, and the record reflects that, following this discussion, defendant knowingly chose to accept a favorable plea deal rather than risk conviction following a trial. Accordingly, inasmuch as the record demonstrates that defendant’s concerns were clarified and his plea was knowingly, intelligently and voluntarily entered, the narrow exception to the preservation rule is inapplicable (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Goodell, 104 AD3d 1026, 1026 [2013], lv denied 22 NY3d 1138 [2014]; People v Ferro, 101 AD3d 1243, 1244 [2012], lv denied 20 NY3d 1098 [2013]).
Finally, defendant argues that County Court erred in impos *984 ing an enhanced sentence. We agree. Although this issue is not precluded by his appeal waiver, it is unpreserved inasmuch as he failed to object to the enhanced sentence or make an appropriate motion (see People v Lewis, 98 AD3d 1186, 1186 [2012]; People v Lindsey, 80 AD3d 1005, 1006 [2011]; People v Donnelly, 80 AD3d 797, 798 [2011]; People v McDermott, 68 AD3d 1453, 1454 [2009]). Despite this failure to preserve the issue, we exercise our interest of justice jurisdiction to take corrective action.
A sentencing court may not impose an enhanced sentence unless it has informed the defendant of specific conditions that the defendant must abide by or risk such enhancement, or give the defendant an opportunity to withdraw his or her plea before the enhanced sentence is imposed (see People v Lewis, 98 AD3d at 1186; People v Lindsey, 80 AD3d at 1006; People v Becker, 80 AD3d 795, 796 [2011]; People v Fisher, 76 AD3d 1122, 1122 [2010]; People v McDermott, 68 AD3d at 1454). Here, County Court enhanced defendant’s sentence due to defendant’s arrest while on release pending sentencing. However, the record reflects that defendant was never warned that County Court would not be bound by its sentencing commitment if he were arrested while out on release.* Consequently, County Court erred in imposing an enhanced sentence without first providing defendant an opportunity to withdraw his plea (see People v Lewis, 98 AD3d at 1186-1187; People v Becker, 80 AD3d at 796-797; People v McDermott, 68 AD3d at 1454; People v Armstead, 52 AD3d 966, 967 [2008]). Accordingly, we vacate defendant’s sentence and remit the matter to County Court to impose the agreed-upon sentence or give defendant the option of withdrawing his plea before imposing the enhanced sentence (see People v Lewis, 98 AD3d at 1187; People v Fisher, 76 AD3d at 1122).
Peters, EJ., Lahtinen, Garry and Rose, JJ., concur.
Ordered that the judgments are modified, as a matter of discretion in the interest of justice, by vacating the sentences imposed; matters remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

 Contrary to the People’s contention, defendant’s promise to County Court that he would not “get in trouble” if he were released is not “an explicit and objective” condition that could provide a basis for the enhancement of defendant’s sentence (People v Becker, 80 AD3d at 796).