*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 18, 2014          105657
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,
          v                              MEMORANDUM AND ORDER

ANTHONY R. BOTTE JR.,
                    Appellant.
_____


Calendar Date:  August 4, 2014

Before:  Peters, P.J., McCarthy, Rose, Egan Jr. and Lynch, JJ.

_____


        Randolph V. Kruman, Cortland, for appellant.

        Joseph A. McBride, District Attorney, Norwich (Michael J.
Genute of counsel), for respondent.

_____


        Appeal from a judgment of the County Court of Chenango
County (Sullivan, J.), rendered October 14, 2011, convicting
defendant upon his plea of guilty of the crime of robbery in the
first degree.

        In satisfaction of a three-count indictment, defendant
pleaded guilty to robbery in the first degree.  Under the terms
of the plea agreement, he was to be sentenced to five years in
prison to be followed by five years of postrelease supervision
and was to waive his right to appeal.  During the plea
proceedings, County Court agreed to release defendant on a one-
week furlough so that he could spend time with his children
before sentencing, but admonished him that a condition of his
release was that he not consume alcohol or drugs.  When he
reappeared for sentencing, it was disclosed that defendant had
tested positive for THC.  As a result, County Court imposed an

enhanced sentence of six years in prison to be followed by five years of postrelease supervision.  Defendant now appeals.

Defendant argues that County Court erred in imposing an enhanced sentence without first conducting a hearing to determine if he, in fact, violated the conditions of his release by smoking marihuana while he was on furlough.  We note that this issue has not been preserved due to defendant's failure to object to the enhanced sentence on this basis or to move to withdraw his plea on this ground (see People v Wachtel, 117 AD3d 1203 [2014], lv denied ___ NY3d ___ [July 24, 2014]; People v Bucknor, 116 AD3d 1233, 1234 [2014]).  In any event, County Court afforded defendant an opportunity to respond and, given the positive test results and defendant's admission to smoking marihuana, assured itself that the enhanced sentence was based upon reliable and accurate information (see People v Kocher, 116 AD3d 1301, 1302 [2014]; People v Paneto, 112 AD3d 1230, 1231 [2013], lv denied ___ NY3d ___ [June 27, 2014]; People v Saucier, 69 AD3d 1125, 1126 [2010]).  Defendant's claim that he smoked marihuana while in jail does not compel a contrary conclusion under the circumstances presented here.  Therefore, we find no basis to disturb the sentence imposed.

Peters, P.J., McCarthy, Rose, Egan Jr. and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court