Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered October 14, 2011, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.
In satisfaction of a three-count indictment, defendant pleaded guilty to robbery in the first degree. Under the terms of the *1489 plea agreement, he was to be sentenced to five years in prison to be followed by five years of postrelease supervision and was to waive his right to appeal. During the plea proceedings, County Court agreed to release defendant on a one-week furlough so that he could spend time with his children before sentencing, but admonished him that a condition of his release was that he not consume alcohol or drugs. When he reappeared for sentencing, it was disclosed that defendant had tested positive for THC. As a result, County Court imposed an enhanced sentence of six years in prison to be followed by five years of postrelease supervision. Defendant now appeals.
Defendant argues that County Court erred in imposing an enhanced sentence without first conducting a hearing to determine if he, in fact, violated the conditions of his release by smoking marihuana while he was on furlough. We note that this issue has not been preserved due to defendant’s failure to object to the enhanced sentence on this basis or to move to withdraw his plea on this ground (see People v Wachtel, 117 AD3d 1203 [2014], lv denied 23 NY3d 1044 [2014]; People v Bucknor, 116 AD3d 1233, 1234 [2014]). In any event, County Court afforded defendant an opportunity to respond and, given the positive test results and defendant’s admission to smoking marihuana, assured itself that the enhanced sentence was based upon reliable and accurate information (see People v Kocher, 116 AD3d 1301, 1302 [2014]; People v Paneto, 112 AD3d 1230, 1231 [2013], lv denied 23 3MY3d 1023 [2014]; People v Saucier, 69 AD3d 1125, 1126 [2010]). Defendant’s claim that he smoked marihuana while in jail does not compel a contrary conclusion under the circumstances presented here. Therefore, we find no basis to disturb the sentence imposed.
Peters, EJ., McCarthy, Rose, Egan Jr. and Lynch, JJ, concur.
Ordered that the judgment is affirmed.