Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered: October 27, 2016        107265
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
                 Respondent,

     v                           MEMORANDUM AND ORDER

FRANKLIN RUSSELL, Also Known
   as NITTY,
                 Appellant.
_____

Calendar Date: September 16, 2016

Before: Peters, P.J., McCarthy, Garry, Clark and Aarons, JJ.

_____

Keeley A. Maloney, Albany, for appellant.

Eric T. Schneiderman, Attorney General, New York City (Matthew B. Keller of counsel), for respondent.

_____

McCarthy, J.

Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered June 10, 2013, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.

Defendant and 51 codefendants were charged in a 261-count indictment with various crimes related to a conspiracy to distribute and sell cocaine and heroin in multiple counties within New York and also in Vermont. Five of those counts encompassed crimes allegedly committed by defendant. In satisfaction thereof, defendant pleaded guilty to attempted criminal possession of a controlled substance in the third degree and waived his right to appeal, both orally and in writing. Under the terms of the plea agreement, he was to be sentenced to

4½ years in prison, to be followed by three years of postrelease supervision.  In exchange, defendant committed to providing "ongoing cooperation" with authorities in prosecuting a specified codefendant who was a major participant in the drug conspiracy. Thereafter, defendant refused to testify against this individual, only informing the People that there was "no way" he would testify against him.  At sentencing and in regard to his failure to provide such testimony, defendant explained to County Court that he "didn't feel like [he] had to testify to what [he had] admitted to" when he pleaded guilty and that the codefendant was incarcerated on the same tier at the local correctional facility.[1]  Thereafter, County Court sentenced defendant as a second violent felony offender to an enhanced sentence of 7½ years in prison to be followed by three years of postrelease supervision.  Defendant now appeals.

Initially, defendant contends that County Court improperly enhanced his sentence because he was not expressly advised that the terms of the plea agreement included him having to testify against his codefendant.  Although not precluded by his waiver of the right to appeal, defendant has failed to preserve this claim as the record does not reveal that he raised it before County Court or made an appropriate postallocution motion (see People v Bucknor, 116 AD3d 1233, 1234 [2014]).  Under the circumstances presented, we decline to exercise our interest of justice jurisdiction to take corrective action inasmuch as the plea agreement that was articulated on the record required defendant's ongoing cooperation in prosecuting this specific codefendant, which sufficiently encompassed the provision of testimony (compare People v Gabbidon, 96 AD3d 1235, 1235-1236 [2012]; People v Hastings, 24 AD3d 954, 955 [2005]).

---

[1]  At no point did defendant seek to be moved to a different tier.  Moreover, defendant never stated that he would have been willing to testify had he been moved to a different tier or made any other similar statement that would have contradicted his earlier claim that there was "no way" that he would testify against the codefendant.

Defendant further asserts that he was deprived of the effective assistance of counsel because his trial counsel failed to make a motion to withdraw his guilty plea based upon the improper enhancement of his sentence.  However, given the clear terms of the plea agreement, such motion would have been futile. The failure to pursue a motion that "has little or no chance of success" is not a basis for finding that counsel was ineffective (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks and citation omitted]; see People v Thiel, 134 AD3d 1237, 1240 [2015], lv denied 27 NY3d 1156 [2016]).

Lastly, defendant's challenge to the severity of the sentence is precluded by his valid waiver of the right to appeal (see People v Scott, 139 AD3d 1266 [2016], lv denied 27 NY3d 1155 [2016]; People v Briggs, 138 AD3d 1355, 1357 [2016], lv denied 28 NY3d 927 [2016]).

Peters, P.J., Garry, Clark and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court