People v McCargo (2019 NY Slip Op 02179)





People v Mccargo


2019 NY Slip Op 02179


Decided on March 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 21, 2019

109375

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DEANNA McCARGO, Appellant.

Calendar Date: February 15, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Aarons, JJ.


Michael C. Ross, Bloomingburg, for appellant.
Letitia James, Attorney General, New York City (Margaret A. Cieprisz of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Albany County (Carter, J.), rendered March 16, 2017, convicting defendant upon her plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
Defendant and 24 codefendants were charged in a 340-count sealed indictment with various crimes arising from their participation in a drug distribution network. In satisfaction of the five crimes with which defendant was charged, she pleaded guilty to attempted criminal possession of a controlled substance in the third degree and waived her right to appeal, both orally and in writing. As part of the plea agreement, defendant agreed to cooperate with authorities in the investigation and prosecution of her codefendants. The plea agreement also required her to avoid being arrested or committing any additional crimes prior to sentencing and to provide truthful information during her probation interview. In exchange for complying with the terms of the plea agreement, defendant was to be sentenced as a predicate felon to no more than four years in prison, followed by three years of postrelease supervision.
At the next court appearance, County Court adjourned sentencing, released defendant to probation supervision and had defendant sign a written Parker admonishment, as well as a written document specifying the conditions of her probationary release. At that time, County Court advised defendant that if she violated the terms of the plea agreement, which included returning to court as directed, she could receive a sentence of up to eight years in prison, followed by three years of postrelease supervision. Sentencing was subsequently adjourned a number of times to afford defendant the opportunity to provide further cooperation. When defendant finally appeared in court for sentencing, she requested an adjournment to enable her to make child care arrangements during the period of her incarceration. County Court denied her request and, during a brief recess before sentence was imposed, defendant abruptly left the courthouse and failed to return. A warrant was issued for her arrest and she was apprehended 14 [*2]months later, at which time she was brought before the court for sentencing. Upon finding that defendant failed to comply with the terms of the plea agreement, County Court sentenced her to seven years in prison followed by three years of postrelease supervision. Defendant now appeals.
Initially, defendant contends that she was denied the effective assistance of counsel due to her counsel's failure to obtain discovery, make appropriate motions, request hearings, review laboratory reports and challenge the imposition of the enhanced sentence. This claim, however, is foreclosed by defendant's knowing, voluntary and intelligent guilty plea (see People v Milligan, 165 AD3d 1347, 1347-1348 [2018]; People v Rutigliano, 159 AD3d 1280, 1281 [2018], lv denied 31 NY3d 1121 [2018]). The alleged deficiencies of which defendant complains did not impact the voluntariness of her guilty plea and, even if they did, her claim is unpreserved as the record does not disclose that she made an appropriate postallocution motion (see People v Jawan, 165 AD3d 1350, 1351 [2018], lv denied 32 NY3d 1173 [2019]; People v Gorman, 165 AD3d 1349, 1350 [2018], lv denied 32 NY3d 1125 [2018]). Furthermore, the narrow exception to the preservation requirement is inapplicable as defendant did not make any statements during the plea colloquy that cast doubt upon her guilt or called into question the voluntariness of her plea (see People v Milligan, 165 AD3d at 1347; People v Haverly, 161 AD3d 1483, 1484 [2018], lv denied 32 NY3d 938 [2018]).
Contrary to defendant's claim, her appeal waiver is valid. The record discloses that County Court advised defendant that the right to appeal was separate and distinct from the other rights that she was forfeiting by pleading guilty, ascertained that she understood its ramifications and had her execute a written waiver in open court after conferring with counsel. Notably, the written waiver specifically stated that it included any issues related to the severity of the sentence. Given the valid appeal waiver, appellate review of the severity of the sentence is precluded (see People v Martinez, 166 AD3d 1376, 1377 [2018], lv denied ___ NY3d ___ [Feb. 28, 2019]; People v Watkins, 166 AD3d 1239, 1240 [2018]).
Lastly, defendant contends that County Court erroneously found that she violated her release conditions resulting in the imposition of an enhanced sentence and that it engaged in unreasonable delay in imposing sentence. These claims, however, have also not been preserved for our review given defendant's failure to interpose objections before County Court or make appropriate motions raising these issues (see CPL 470.05 [2]; People v Russell, 143 AD3d 1188, 1189 [2016]; People v Dissottle, 68 AD3d 1542, 1543 [2009], lv denied 14 NY3d 799 [2010]).
Egan Jr., J.P., Clark, Mulvey and Devine, JJ., concur.
ORDERED that the judgment is affirmed.