People v Drayton (2020 NY Slip Op 07952)





People v Drayton


2020 NY Slip Op 07952


Decided on December 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 24, 2020

109111

[*1]The People of the State of New York, Respondent,
v
Frank Drayton, Appellant.

Calendar Date: November 24, 2020

Before: Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Sandra M. Colatosti, Albany, for appellant.
Meagan K. Galligan, Acting District Attorney, Monticello (Kristin L. Hackett of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 25, 2015, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree (two counts).
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with two counts of criminal sale of a controlled substance in the third degree. Pursuant to the terms of a plea agreement, defendant pleaded guilty as charged and purportedly waived his right to appeal with the understanding that the People would recommend that he be sentenced, as a second felony offender, to concurrent prison terms of 3½ years, followed by two years of postrelease supervision, but would oppose his request for placement in a drug treatment program. County Court ultimately sentenced defendant, as a second felony offender, to concurrent prison terms of nine years, each to be followed by two years of postrelease supervision, and permitted him to serve that sentence under parole supervision as part of the Willard drug treatment program. Due to a subsequent arrest and convictions thereon, defendant was required to serve his sentence as a term of imprisonment. Defendant appeals.
Defendant challenges his guilty plea as not made knowingly, intelligently and voluntarily. Although defendant's contention survives regardless of the validity of his appeal waiver, it is unpreserved given that the record does not contain an appropriate postallocution motion (see People v Leach, 26 NY3d 1154, 1154 [2016]; People v Smith, 188 AD3d 1357, ___, 2020 NY Slip Op 06415, *1 [2020]; People v Rivera, 167 AD3d 1324, 1324 [2018]) and the narrow exception to the preservation requirement does not apply (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]). Nevertheless, in view of the plea colloquy, sentencing minutes and defendant's request, we deem it appropriate to exercise our interest of justice jurisdiction and vacate defendant's guilty plea (see People v Demkovich, 168 AD3d 1221, 1221 [2019]; compare People v Cruz, 186 AD3d 932, 933 [2020], lv denied 35 NY3d 1112 [2020]; People v Edwards, 181 AD3d 1054, 1056-1057 [2020], lvs denied 35 NY3d 1026, 1029 [2020]).
Defendant specifically argues that his guilty plea should be vacated because County Court failed to adequately advise him of the constitutional rights that he would be forfeiting upon pleading guilty and because the court erred in imposing an enhanced sentence. As to the former, we recognize that there is no "uniform mandatory catechism of pleading defendants" (People v Tyrell, 22 NY3d 359, 365 [2013] [internal quotation marks and citation omitted]). Notwithstanding the foregoing, at the plea proceeding, County Court advised defendant that, by pleading guilty, he would be giving up "all of [his] constitutional rights, [his] presumption of innocence, [his] rights to a jury trial, suppression hearings, also all of [his] appellate rights." There was no mention [*2]of defendant's right to be confronted by witnesses or the privilege against self-incrimination (see People v Simon, 166 AD3d 1075, 1076 [2018]). Furthermore, the record fails to disclose that the court ascertained whether defendant conferred with his counsel regarding the trial-related rights that were being forfeited upon his guilty plea (see People v Oliver, 185 AD3d 1099, 1100 [2020]). Rather, the court merely asked him whether he had enough time to talk with his counsel about "the facts of [the] drug charges, going to trial, not going to trial[] and things like that" and "[his] jury trial rights, all [his] other rights." In the absence of any affirmative showing that defendant fully comprehended and voluntarily waived his constitutional rights, the plea must be vacated as invalid (see id. at 1101; People v Demkovich, 168 AD3d at 1222; People v Holmes, 162 AD3d 1117, 1118 [2018]).
We also note that County Court erred in imposing an enhanced sentence. "A sentencing court may not impose an enhanced sentence unless it has informed the defendant of specific conditions that the defendant must abide by or risk such enhancement, or give the defendant an opportunity to withdraw his or her plea before the enhanced sentence is imposed" (People v Denegar, 130 AD3d 1140, 1141 [2015] [internal quotation marks and citations omitted]). The plea colloquy reflects that, by pleading guilty, the People would recommend that defendant be sentenced to concurrent prison terms of 3½ years, each to be followed by a period of postrelease supervision. This period of incarceration was not disputed. Rather, the People opposed defendant's request to be placed under the supervision in the Willard drug treatment program — a matter that the parties ultimately left to the court's discretion. At sentencing, the foregoing was reiterated, with defendant and the People stating their respective positions on Willard. Without further discussion, the court abruptly sentenced defendant to concurrent prison terms of nine years, each to be followed by a period of postrelease supervision, and directed that the sentence be served under the supervision of Willard.
County Court abused its authority by changing the terms of the plea agreement (see People v Tole, 119 AD3d 982, 984 [2014]; People v Armstead, 52 AD3d 966, 967-968 [2008]). This is not a situation where a defendant violated a plea condition prior to sentencing that would allow a court to change the agreed-upon sentence (see e.g. People v Bove, 64 AD3d 812, 812-813 [2009], lv denied 13 NY3d 858 [2009]). To the contrary, the court, without any discussion with the parties, unilaterally conditioned defendant's opportunity to participate in the Willard program on accepting the maximum nine-year sentence. Additionally, the record does not indicate that defendant was given the opportunity to withdraw his plea (see People v Armstead, 52 AD3d at 967). Because defendant was not informed of, or actually understood, the ramifications [*3]of the sentencing change nor was provided with the opportunity to withdraw his guilty plea, the plea was invalid (see People v McDermott, 68 AD3d 1453, 1454 [2009]; People v Armstead, 52 AD3d at 967).
Lynch, J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.