People v Svenson (2022 NY Slip Op 03947)

People v Svenson

2022 NY Slip Op 03947

Decided on June 16, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 16, 2022

112249
[*1]The People of the State of New York, Respondent,
v
Derick S. Svenson, Appellant.

Calendar Date:April 28, 2022

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and McShan, JJ.

Robert C. Kilmer, Binghamton, for appellant.
Michael A. Korchak, District Attorney (Benjamin E. Holwitt of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered November 6, 2019, convicting defendant upon his plea of guilty of the crime of criminal possession of a forged instrument in the second degree.
In satisfaction of a five-count indictment, defendant pleaded guilty to criminal possession of a forged instrument in the second degree and waived his right to appeal. Defendant was then released on his own recognizance. A bench warrant for defendant's arrest was subsequently issued by County Court after defendant did not appear at a scheduled presentence investigation appointment, could not be reached at the telephone number provided and failed to appear at sentencing. Upon his return to court, defendant moved to withdraw his plea on the ground that his plea was involuntary as his anticipated release upon pleading guilty influenced his decision to enter his plea and he did not understand that he was waiving his right to a jury trial. County Court denied defendant's motion and sentenced him, as a second felony offender, to a prison term of 2½ to 5 years, to be served pursuant to CPL 410.91 in the Willard drug treatment program. Defendant appeals.
Defendant argues that his plea was not knowing or voluntary because the benefits of a cooperation agreement that he purportedly entered into with the People "disappeared without explanation at the time of . . . defendant's guilty plea." He additionally contends that County Court should have granted his motion to withdraw his guilty plea because his plea was the result of fraud or mistake in the inducement. He asserts that he "relied on the advantages" of the purported cooperation agreement when he entered his guilty plea and that County Court should have inquired as to the status of the cooperation agreement or his compliance with its terms at the time that it accepted his guilty plea.
Although there is some dispute as to the existence of a cooperation agreement between defendant and the People, the People's January 2019 plea offer letter stated that, if defendant cooperated sufficiently, the People would consider allowing defendant to withdraw his guilty plea and enter a new plea to attempted criminal possession of a forged instrument in the second degree in exchange for a prison term of 1½ to 3 years. In moving to withdraw his guilty plea, however, defendant did not raise any of the arguments he now raises; he did not argue that the voluntariness of his plea was impacted by the purported cooperation agreement or that there was fraud or mistake in its inducement relating to the cooperation agreement. Accordingly, his contentions with respect to the cooperation agreement are unpreserved (see People v Gassner, 193 AD3d 1182, 1184-1185 [2021], lv denied 37 NY3d 956 [2021]; People v Solomon, 178 AD3d 966, 966 [2019], lv denied 35 NY3d 974 [2020]; People v Bucknor, 116 AD3d 1233, 1234 [2014]).
To the extent that defendant contends that he was not informed that a period [*2]of postrelease supervision was a component of his sentence, his contention is misplaced. No period of postrelease supervision was imposed. Rather, his sentence of 2½ to 5 years in prison was executed as a sentence of parole supervision pursuant to CPL 410.91, which included initial placement in a drug treatment program for 90 days followed by release to parole supervision, as opposed to incarceration.
Egan Jr., J.P., Clark, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.