People v Bonville (2026 NY Slip Op 00039)

People v Bonville

2026 NY Slip Op 00039

Decided on January 8, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 8, 2026

CR-24-0724
[*1]The People of the State of New York, Respondent,
vEthan D. Bonville, Appellant.

Calendar Date:November 17, 2025

Before:Garry, P.J., Clark, Aarons, McShan and Mackey, JJ.

Law Offices of Gerard V. Amedio PC, Saratoga Springs (Gerard V. Amedio of counsel), for appellant.
Michael P. Langey, District Attorney, Elizabethtown (Kevin P. Mallery of counsel), for respondent.

Clark, J.
Appeal from a judgment of the County Court of Essex County (Richard Meyer, J.), rendered September 13, 2021, convicting defendant upon his plea of guilty of the crimes of robbery in the second degree and burglary in the second degree.
Defendant was charged in a 20-count indictment with various crimes stemming from a home invasion robbery that occurred in November 2020, when he and an accomplice allegedly entered a residence in the Town of Chesterfield, Essex County, threatened the elderly couple who lived there with a firearm and struck one of them in the head with it. The People offered defendant the opportunity to plead guilty to one count of robbery in the second degree and one count of burglary in the second degree in satisfaction of the indictment. Although the written plea agreement stated that "sentencing [would be] in the sole discretion" of the trial court, it delineated a sentencing range of 3½ to 15 years in prison with the understanding that the sentences imposed on the two convictions were to run concurrently. Defendant accepted the plea offer, signed the written plea agreement, and appeared for a plea allocution one week later.
During the ensuing plea allocution, County Court confirmed that defendant accepted the terms of the written plea agreement, had discussed the agreement with counsel and wished to plead guilty in accordance therewith. Before engaging in the formal plea colloquy, the court informed defendant that, if he decided to plead guilty, it would order a presentence report (hereinafter PSR) from the Probation Department and would "impose an appropriate sentence" based upon the information contained therein, as well as any other information submitted by defense counsel or the District Attorney. The court further advised that the maximum sentencing exposure defendant faced on a class C violent felony offense was "a determinate term in state prison of up to [15] years" and that it was "possible," but that the court did not "know because [it] ha[d not] really researched it," that the sentences could run consecutively. Defendant confirmed that he understood, pleaded guilty to one count each of robbery in the second degree and burglary in the second degree, and waived his right to appeal.
At the beginning of the sentencing hearing held in September 2021, County Court revealed that it had received and reviewed the PSR submitted by the Probation Department, and the People recommended that defendant be sentenced to the "maximum allowable" prison term of 15 years. Defense counsel advocated for a sentence of five years in prison on each conviction, "to run concurrent[ly] with each other." County Court then inquired as to whether the actus reus of the crimes would permit the imposition of consecutive sentences and defense counsel responded that the "the plea offer . . . my client accepted, and entered his plea in accordance with, proposed that the sentences were to run concurrent[ly]." After the court noted that it had not committed [*2]to imposing concurrent sentences and that one of the victims had subsequently died, stating that it was "hard to imagine that [defendant's conduct] did[ not] have some effect on [the victim's] life span," it sentenced defendant to consecutive prison terms of 15 years on the robbery conviction and 12 years on the burglary conviction, to be followed by periods of postrelease supervision. Defendant appeals.
Defendant argues that his plea was not knowing, voluntary and intelligent in that he pleaded guilty upon the mistaken belief that he would receive concurrent sentences. Defendant's challenge to the voluntariness of the plea survives his unchallenged appeal waiver (see People v Scully, 242 AD3d 1259, 1259 [3d Dept 2025]; People v Tucker, 164 AD3d 948, 950 [3d Dept 2018]), but is unpreserved for appellate review insofar as defendant did not move to withdraw his plea or to vacate the judgment of conviction on this ground following the imposition of sentence (see People v Vance, 27 AD3d 1015, 1016 [3d Dept 2006], lv denied 7 NY3d 764 [2006]). Nevertheless, under the circumstances of this case, we find it appropriate to take corrective action in the interest of justice (see CPL 470.15 [3] [c]; People v Lumpkin, 201 AD3d 1257, 1257 [3d Dept 2022]; People v Drayton, 189 AD3d 1892, 1893 [3d Dept 2020]; People v Feher, 165 AD3d 1610, 1611 [4th Dept 2018], lv denied 32 NY3d 1171 [2019]; People v Smith, 160 AD3d 1475, 1476 [4th Dept 2018]; People v Tesar, 65 AD3d 716, 718 [3d Dept 2009]).
We recognize that the imposition of consecutive sentences was authorized under Penal Law § 70.25 (2) (see Penal Law §§ 140.25 [2]; 160.10 [2] [a]; People v Yong Yun Lee, 92 NY2d 987, 988-989 [1998]), and that County Court did not make any express sentencing commitment to defendant. However, the plea agreement contemplated the imposition of concurrent sentences, County Court stated during the plea proceedings that the maximum term of imprisonment defendant faced on a class C violent felony was 15 years, and the court used confusing and ambiguous language during the plea colloquy regarding the possibility of consecutive sentencing (see People v Drayton, 189 AD3d at 1894; People v Boyzuck, 72 AD3d 1530, 1530-1531 [4th Dept 2010]). In light of the confusion, defendant seeks vacatur of his plea or modification of the sentence to reflect a concurrent sentence. On this record, and after accounting for the circumstances set forth in the PSR, we find that the imposition of concurrent sentences is appropriate and modify the judgment accordingly(see People v Hoover, 223 AD3d 415, 416 [1st Dept 2024]; People v Feher, 165 AD3d at 1611; People v Walsh, 101 AD3d 614, 614 [1st Dept 2012]; People v Boyzuck, 72 AD3d at 1531).[FN1]
Garry, P.J., Aarons, McShan and Mackey, JJ., concur.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by directing that the sentences imposed upon defendant run concurrently to one another, and, as so modified, affirmed[*3].

Footnotes

Footnote 1: To the extent County Court concluded that consecutive sentences were appropriate insofar as one of the victims passed away after the underlying crime, we note that defendant was not charged in relation to the victim's death.